# Nazareth Foundry & Machine Company, Appellant, *v.* Marshall et al.

*Practice, C. P.—Trials—Nonsuit—Refusal by trial judge to take off nonsuit—Act of March 11, 1875, P. L. 6.*

1. Under the Act of March 11, 1875, P. L. 6, the rule to take off a nonsuit must be considered and disposed of by the court in banc, not by the trial judge alone.

*Principal and surety—Contracts—Bonds—Condition—Construction—Breach—Return of goods—Evidence—Condition at time of trial.*

2. In an action upon a surety bond it appeared that the obligee had sold to the principal obligor two engines which were in turn to be sold by the obligor to two paper companies. It was further provided that "if after due trial, and after M has used every effort to make the above mentioned engines satisfactory to the purchasers, and the said engines or either of them are rejected by the said purchasers, and promptly returned to the plaintiff in as good a condition as when shipped, reasonable wear and tear excepted, that then and in any such case, the penal sum payable under this bond shall be reduced by the sum of $1,400, if the machine shipped to the C company is returned, and $2,000 if the engine to be shipped to the L company is returned." The statement of claim averred that the obligee had received the price of the engine shipped to the C company, but had not received the price of the engine shipped to the L company, and that although such engine had been returned to the plaintiff, it was not in good condition. At the trial there was evidence in support of plaintiff's averments. Defendant moved for a nonsuit on the ground that no proof had been introduced to show that the principal obligor had ever received the price of the engine shipped to the L company. The trial judge entered a compulsory nonsuit. *Held,* that there was sufficient evidence of a breach of condition of the bond to carry the case to the jury.

3. In such case it was error to refuse to permit a witness who was familiar with the kind of engine in question and its construction to testify as to the condition of the engine a week before the trial, where there was other evidence that the engine was in the same condition at the time when it was returned, with the exception of rust.

Argued March 5, 1917. Appeal, No. 103, Jan. T., 1916, by plaintiff, from final order of C. P. Northampton Co., July T., 1914, No. 28, refusing to take off a compulsory nonsuit, in case of Nazareth Foundry and Machine Company v. Frank J. Marshall, William B. Marx, and Josephine W. Marx. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit on a bond. Before McKEEN, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in refusing to take off the nonsuit.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.—The bond made the obligors liable for the debts of the Marshall Company and they could relieve themselves of liability only by showing a compliance with the conditions. If no money was received by the Marshall Company, the condition could not be met and the obligors remained liable.

Under any possible theory of construction of the bond, the plaintiff showed a breach of condition and was entitled to go to the jury: Equitable Trust Co. v. National Surety Co., 214 Pa. 159.

The testimony being that the engine when seen by the witness Firth was in the same condition as when it came back, Firth should have been allowed to describe what he saw. The weight of his testimony was for the jury.

*Edw. J. Fox,* with him *Jas. W. Fox* and *F. B. McAlee,* for appellee.

OPINION BY MR. JUSTICE POTTER, April 16, 1917:

This was an action of assumpsit brought to recover upon a bond given by defendants to plaintiff, dated July 24, 1913, for the sum of $6,800. The bond contains a recital that the Marshall Machinery and Supply Company is indebted to plaintiff in a sum of about $1,800 in addition to the cost of construction of two Marshall paper-making engines, and that it is deemed advisable by all parties interested that the former company furnish a good and sufficient bond to plaintiff, conditioned for the prompt payment of the purchase-price of the two engines.

The condition of the bond is that the Marshall Machinery and Supply Company shall pay or cause to be paid to plaintiff company the sum of $1,400 within three days after one engine shall be received from the Cylin-

der Paper Company, and also the sum of $2,000 within three days after the other engine shall be received from the John Lang Paper Company. It was further made part of the condition that "if after due trial, and after Mr. Marshall has used every effort to make the above-mentioned engines satisfactory to the purchasers, and the said engines or either of them are rejected by the said purchasers, and promptly returned to the Nazareth Foundry and Machine Company in as good a condition as when shipped, reasonable wear and tear excepted, that then and in any such case, the penal sum payable under this bond shall be reduced by the sum of $1,400 if the machine shipped to the Cylinder Paper Company is returned, and $2,000 if the engine to be shipped to the John Lang Paper Company is returned."

In plaintiff's statement of claim it is admitted that the engine shipped to the Cylinder Paper Company had been accepted and paid for by the purchaser, and that the price, $1,400, had been received by plaintiff, but it is averred that the purchase-price of the other engine had not been paid, and that the engine had not been returned to plaintiff in good condition. Plaintiff claimed to recover on the bond $2,205.97, with interest.

In the answer and counter-claim of defendants it is averred that the Marshall Machinery and Supply Company had paid its entire indebtedness to plaintiff and that, in accordance with the terms of the bond, Mr. Marshall had used every effort to make the engine which had been returned satisfactory to the purchaser, but that the same had been rejected and returned to plaintiff in as good condition as when shipped, reasonable wear and tear excepted.

Upon the trial, after plaintiff's testimony was concluded, defendants' counsel moved for judgment of compulsory nonsuit on the ground chiefly that no proof had been made that the Marshall Machinery and Supply Company had ever received from the John Lang Paper Company the sum of $2,000, the price of the machine

shipped to that company. The trial judge granted the motion, whereupon plaintiff's counsel moved for a rule to strike off the nonsuit, which was denied, as was a motion to strike off the nonsuit. Plaintiff has appealed.

The first and second assignments allege error in the refusal of a rule, and of a motion to take off the nonsuit. The motions were made immediately after the nonsuit was entered and they were at once denied by the trial judge. This was not in compliance with the statute which authorizes the entry of compulsory nonsuits. The Act of March 11, 1875, P. L. 6, Sec. 1, provides that a judgment of nonsuit may be entered "with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit," and a writ of error (now appeal) is given only to the refusal of the court in banc to set aside the nonsuit. No appeal lies to the entry of the nonsuit, but only to the refusal to take it off: Bausbach v. Reiff, 237 Pa. 482, 488. In that case it was said: "The Act of 1875, above referred to, provides expressly that such rule [to take off the nonsuit] shall be considered and disposed of by the court in banc, not by the trial judge alone. The act contemplates consideration of the questions involved by the court in banc. This they did not receive in the present case." The same thing may be said of the case at bar. The trial judge himself refused the motion to strike off the nonsuit, and the questions involved did not receive the consideration of the court in banc, as is contemplated by the act of assembly.

No opinion was filed, and we can gather the reasons for the entry of the nonsuit only by reference to those stated by counsel for defendants in their motion. The principal one was that the plaintiff did not prove that the Marshall Machinery and Supply Company had received from the John Lang Paper Company the price of the engine, being the sum of $2,000. To relieve the obligors, it must appear either that the Marshall Machinery and Supply Company had paid to plaintiff the respective sums of $1,400 and $2,000 within three days after

the receipt of those sums from the purchasers of the engine, or that, after due trial and after Marshall had used every effort to make the engines satisfactory to the purchasers, the engines had been promptly returned to plaintiff in as good condition as when shipped, reasonable wear and tear excepted. There was ample evidence at the trial to show that the engine was not returned in the condition required to comply with the terms of the bond. If this was the case the defendants were not relieved of their obligation upon the bond. The nonsuit was therefore improperly entered, and the refusal to take it off was error.

The argument of counsel for appellant that the bond should be construed as a primary and principal obligation "to pay the whole indebtedness of the Marshall Company" is not sound. The bond is merely one for the payment of money, to be discharged on the performance of certain conditions. The only question to be determined is whether those conditions have been performed or not. We are unable to find in the bond any agreement on the part of the obligors "to pay the overdue account." Reference to that account appears to have been made only to show the reason for requiring the full purchase-price of the engines to be paid to plaintiff. There is an express recital that the bond is to be conditioned "for the prompt payment of the purchase-price of the two engines," and an alternative condition that the return of the large engine in good condition shall entitle the defendants to a credit upon the bond of $2,000. The amount named in the bond, $6,800, was clearly a penal sum, as there is no pretense that the real debt exceeded $3,400. Had the full amount of the purchase-money been paid, the bond would have been satisfied, or if both engines had been returned in good order, reasonable wear and tear excepted, a credit equal to the amount of the purchase-money must have been allowed. Under the evidence of plaintiff, the engine intended for the John Lang Paper Company was returned in a damaged condition. For whatever amount was necessary to restore

that engine to as good a condition as when shipped, reasonable wear and tear excepted, the plaintiff was entitled to recover from the defendants in this action.

The third assignment is to the action of the trial judge in sustaining an objection to the offer of plaintiff's counsel to show by the witness, Firth, who was familiar with the kind of engine in question and its construction, that he had examined the engine a week before the trial, and the condition in which he found it at that time, the preceding witness, Fry, having testified that at the time of the trial the engine was in just the same condition, with the exception of rust, as when it was returned. The testimony of this witness was admissible and it was error to sustain the objection.

In the fourth assignment complaint is made of the action of the court below in sustaining defendants' objection to the admission in evidence of four letters written by plaintiff to the Marshall Machinery and Supply Company. The letters were offered for the purpose of showing that plaintiff had refused to accept the return of the engine in relief of defendants' bond. This question is unimportant, as both sides agree that, under the terms of the bond, the question of the acceptance of the engine by plaintiff is immaterial to the decision of the case.

The first, second and third assignments of error are sustained, and the judgment is reversed with a procedendo.