Gehringer et al., Appellants, *v.* Erie Railways Co.

*English, Quinn, Leemhuis & Tayntor,* for motion.

*W. Louis Schlesinger* and *H. C. Bauer,* contra.

PER CURIAM, May 13, 1929:

This is an appeal by plaintiffs from the refusal to take off a compulsory nonsuit. Appellee asks that the appeal be quashed on the grounds that no motion was made to the court below in banc to set aside the nonsuit and the rule to accomplish that result was not presented to or argued before the court in banc. The answer fails to deny these allegations, but sets up that a rule to show cause why the nonsuit should not be removed was granted by the trial judge, at the time of its entry, who "stated it was not necessary to hear the argument in banc and he would hear it alone."

Section 1 of the Act of March 11, 1875, P. L. 6, provides for a motion to the court in banc to set aside a compulsory nonsuit, and makes the right of appeal from a refusal so to do conditional on action by the "court in banc"; hence all such motions must be considered by that body, not by the trial judge alone: Fine v. Soifer, 288 Pa. 164, 168; Nazareth F. & M. Co. v. Marshall, 257 Pa. 489, 493; Bausbach v. Reiff, 237 Pa. 482, 488.

We have on several recent occasions pointed out that, "where a court is sitting as a whole, or in banc, all the judges constituting the tribunal, or as many of them as may be available at the time, ought to sit together; so that the litigants,—and the higher courts, when called on to review,—may have the benefit of the judgment of each member, or of as many of them as may be available for the service." See Sterrett v. MacLean et al., 293

Pa. 557, 563. The quotation from McCormick's Election Case, 281 Pa. 281, 285, called to our attention by appellants, has no relevancy here; it has to do with the mere allowance of a rule to show cause, not with its ultimate disposition.

It is also contended on this motion to quash that appellants did not comply with our Rule 55 in that they failed to file in the court below a statement of questions to be argued on appeal and of the evidence which they did not intend to print. This omission is not a serious one in the present case as the whole record involves only 77 pages. Under the statement of questions involved, however, it would appear unnecessary to print the testimony of minor plaintiff's father, which refers solely to the extent of the injuries. See Sims v. P. R. R. Co., 279 Pa. 111, 117.

The order appealed from is a nullity; the appeal is quashed; the record to be returned to the common pleas, so that the court in banc may pass on the motion to remove the nonsuit.