## LORETTA JANNETTE v. M. F. PATTERSON DENTAL SUPPLY COMPANY AND ANOTHER.[1]

December 28, 1934.

No. 30,117.

Robert J. McDonald and Frank E. McAllister, for appellant.

Oppenheimer, Dickson, Hodgson, Brown & Donnelly, for respondents.

[1]Reported in 258 N. W. 31.

HOLT, JUSTICE.

Plaintiff appeals from the order denying a new trial after verdict for defendants.

On January 19, 1933, about noon, plaintiff, a passenger on a street car crossing the Wabasha bridge in the city of St. Paul, signaled that she desired to get off at the northwesterly end of the bridge. After so doing, she walked to the rear platform of the car to be in readiness to step off when the rear doors opened. As the street car stopped or was in the act of stopping, defendant O'Dea, a city salesman of the other defendant, driving behind the street car in a Pontiac sedan, applied the brakes when he saw that the street car was about to stop, but the street was very slippery and the sedan slid or skidded into the doors of the street car, shattering the glass thereof. Either from the sudden stop of the street car or from the impact of the sedan, plaintiff lost her balance and knocked her head against the framework around the rear platform, causing injuries for which she sought damages.

The court charged the jury that the burden was on plaintiff to prove that defendant O'Dea was negligent and that such negligence was the proximate cause of her injury. If she had so proved she was entitled to recover. He then read the provisions of the statute relating to operating and halting vehicles on the highway, the speed, the distance to be maintained from a vehicle ahead, and the one that "the driver of a vehicle overtaking any railway, interurban or street car stopped or about to stop for the purpose of receiving or discharging any passenger, shall bring such vehicle to a full stop at least ten feet in the rear of such car and remain stationary until any such passenger has boarded such car or reached the adjacent sidewalk or curb" (1 Mason Minn. St. 1927, §§ 2720-3, 2720-15, 2720-22[b]), and then charged: "A violation of any such statute by defendant [O'Dea] was negligence unless justifiable or excusable. * * * If defendant O'Dea was negligent and his negligence directly and proximately caused or contributed to cause his failure to stop, his failure to do so was not justifiable or excusable." The converse of the quoted sentence was also charged,

and the jury properly instructed that the burden was upon defendants to show such justification or excuse.

In our opinion the law applicable to the evidence was clearly and accurately stated. O'Dea violated the statutes referred to when he did not stop at least ten feet back of the street car from which plaintiff was about to alight but came in contact with it. However, highway conditions sometimes take control of a motor vehicle out of the hands of the driver. If the driver's negligence has not caused or contributed to cause his loss of control, the fact that the vehicle when so out of control slides into a prohibited place should not condemn the driver of a violation of the statute. We have all experienced or seen motor vehicles out of a driver's control on icy streets. Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377. But plaintiff maintains that O'Dea produced no proof that his failure to stop his sedan before it came nearer than ten feet of the street car was not due to his negligence, and relies upon Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605. We think there was such proof. O'Dea testified, and no one contradicted him, that the street or bridge was very icy and slippery, and that as soon as he noticed that the car slowed down to stop he applied the brakes, which were in good condition, but the sedan slid; that he was about ten feet back of the street car when it gave indication of stopping. He testified he had control of the sedan except for its sliding forward, but that he could not turn to the right and avoid contact with the gates because of a timber or studding in the way. He thus described the movement of the street car in stopping: "From what I could notice it was gradual, and then all of a sudden it stopped." The passengers of the street car gave conflicting testimony, from which the jury could find that the street car made a sudden stop which threw them forward, and then followed an impact which shattered the glass in the rear gates. From such testimony the jury could also have found that the street car did not stop with a jar and that no impact from the sedan was noticeable; the witnesses so testifying stated that the crash of shattered glass was the only thing which attracted attention. The street car was a one-man car. The man in charge was not called

as a witness. The conflict in the testimony was such that the jury could as readily find that plaintiff lost her balance from a sudden stop of the street car as from the impact of the sedan. At least it gave defendants' counsel ground for claiming that the operation of the street car caused plaintiff's injuries.

For the reasons already suggested, the evidence did not justify the giving of plaintiff's requested instruction that the street car company was free from negligence as a matter of law. Plaintiff contends that Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159, and Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916, are authorities for the proposition. There was no evidence in the Ruddy case that the operation of the street car might have caused the injury—at most the claim was that those in charge might have prevented a third party from inflicting the injury. The same was the state of the evidence in the Fox case, where the decision was by a divided court. In both cases the street car company was a party to the suit. The issue of its negligence was litigated, and it was entitled to a decision on such issue. In the instant case the street car company was not a party. The person in charge of the street car was not called as a witness, and the testimony was not such that plaintiff was entitled to an instruction that the street car company was free from negligence as a matter of law.

The verdict for defendants has warrant in the evidence, and no reversible error was made by the court below in the trial of the case.

Order affirmed.