# Freeman, Appellant, *v.* Terzya, et al.

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Benjamin Pomerantz,* for appellant.

*Kalman E. Fine,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

This case describes another doleful incident of a dog biting a human being. No matter how innocent the victim may be or how serious the injury sustained, the owner of the dog is not responsible for the consequences of the dog's bite if he has no reason to know the viciousness or dangerous propensities of the dog beforehand: *Andrews v. Smith,* 324 Pa. 455 (1936). This is true even though the owner violates the Dog Law of Pennsylvania. In *Andrews v. Smith,* supra, the court in describing the Dog Law of 1921[1] set down the principles applicable here: "[T]hat Act does not purport to change or affect in any way the rule that the owner's liability for the vicious acts of his dog cannot be predicated upon ownership alone, but it must be based also on an owner's knowledge of his dog's viciousness and his failure to then take proper steps to prevent that viciousness displaying itself to the hurt of human beings." See *Oehler v. Davis,* 223 Pa. Superior Ct. 333, 340 (1972) (dissenting opinion which concurs with the majority opin-

---

[1] The Dog Law of 1921 has been repealed and superseded by the Act of December 22, 1965, P. L. 1124, Article VII, §702, 3 P.S. 460-1205, which merely changes the hours during which a dog must be under leash or confinement from between the hours of sunset and sunrise to 24 hours a day.

ion in applying the principles set down by *Andrews v. Smith,* supra).

At a non-jury trial the 11-year-old plaintiff minor testified that the defendant's large German Shepherd dog crossed the street from defendant's gas station, attacked and bit her on her side which ultimately resulted in a keloid scar in that area of her body. The plaintiff and another minor companion, testified that on a prior occasion the dog had chased them around some automobiles located in the street in the area of defendant's gas station but that the dog returned to the gas station without further incident. Plaintiff testified that on the day the biting occurred, the defendant stood at the door of his gas station and made no attempt to stop the dog in its chase after the plaintiff and other children present in the street. Defendant denies this version of plaintiff's story and testified that the children, including minor plaintiff, threw stones at the dog, one of which struck the defendant, causing his leg to bleed, and that as he looked up after examining his wound he saw his dog standing over minor plaintiff across the street from his place of business. He testified that he purchased the dog because he was afraid of "gang wars" that took place in the vicinity of his business, but that he never trained the dog to harm anyone, that it was a very friendly dog and had never bitten anyone.

On the basis of these facts the lower court found in favor of the defendant.

The plaintiff complains that the lower court erred in not admitting rebuttal testimony as offered. Plaintiff's counsel indicated to the lower court that the witness he proposed to call would give testimony as to the vicious propensities of the dog which had bitten the minor plaintiff. The defense objected to this offer on the grounds that the witness, a minor companion of plaintiff, had already testified in plaintiff's case-in-chief regarding the time she and minor plaintiff were

chased around the automobile some time before the incident involved in this case. The lower court refused to admit this testimony as rebuttal evidence on the grounds that it should have been presented at the time this witness testified in plaintiff's case-in-chief. The lower court also pointed out that plaintiff's counsel made no motion to have plaintiff's case-in-chief reopened in order to present the proffered testimony. In this situation, the court had discretionary powers to decide the admissibility of proffered rebuttal testimony and we find no abuse of this discretion. *Downey v. Weston*, 451 Pa. 259, 268 (1973); *Murphy v. Philadelphia*, 420 Pa. 490 (1966).

The facts as presented by the parties were contradictory and presented a problem of credibility which devolved upon the lower court, sitting without a jury, to determine. *Coleman v. Denio*, 411 Pa. 148 (1963). The court heard the witnesses, observed their demeanor and manner of testifying, and weighed the reasonableness, probability or improbability of their versions of the incident; all of which were within the function and duty of the court in determining where the truth lie. *Burbage v. Boiler Engineering & Supply Co.*, 433 Pa. 319 (1969).

Order of the court below is affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

I concur in affirmance because the court below evidently found that the minor plaintiff provoked the attack. I dissent from the majority's continued acceptance of the "one bite rule," which was developed in response to conditions bearing no resemblance to those found in today's troubled cities. A dog like the one here is more weapon than pet. I see no reason why its owner should not keep it on a leash, as required by the Dog Law.