LeWAYNE F. PIGMAN v. LESTER NOTT.

233 N. W. 2d 287.

August 8, 1975—No. 45376.

*Kelly & O'Leary* and *J. Brian O'Leary,* for appellant.
*Cyril J. Bernardy,* for respondent.

PER CURIAM.

This is an action for damages to an automobile caused by a collision with a horse. Plaintiff was awarded $891.71 by the district court. Defendant appeals from an order denying his motion for a new trial and from the final judgment. We affirm.

On the morning of January 1, 1973, plaintiff was driving north on U. S. Highway No. 71 toward the city of Redwood Falls, Minnesota. At a point approximately 12 miles from the city several small horses appeared, two on the surface of the road, and several in the adjacent ditch. Plaintiff's vehicle hit one of the horses, killing the horse and damaging his automobile.

On appeal, defendant challenges the trial court's decision on two grounds: (1) That the finding that he was the owner of the dead horse was not supported by sufficient evidence, and (2) that liability was improperly found in the absence of proof of a specific act of negligence in the care, custody, and control of the horses.

As to the first ground, we will not reverse a finding of the trial court unless it is clearly erroneous. Rule 52.01, Rules of Civil Procedure. Although the evidence of ownership was entirely circumstantial, we believe that the district court's finding is amply supported by the evidence and must be affirmed.

As to the second ground, we point out that Minn. St. 346.16 provides as follows:

"The herding of any animal of the species of cattle, horse, ass, mule, sheep, swine, or goat upon any land over the protest and against the will of the owner shall be deemed a running at large.

"It shall be unlawful for any owner or any person having the control of any such animal to permit the same to run at large in the state.

"Any person who shall knowingly permit the running at large of any such domestic animal shall be liable to the person aggrieved for treble damages sustained by him, to be recovered in a civil action brought for that purpose."

In Serr v. Biwabik Concrete Aggregate Co. 202 Minn. 165, 278 N. W. 355 (1938), this statute was held applicable to a situation where, as here, the plaintiff's damages resulted from a collision between the vehicle in which she was a passenger and defendant's unattended horse. "Running at large" in the context of the statute means "the permitting of any animal mentioned in the statute to stroll, wander, rove or ramble at will without restraint or confinement." 202 Minn. 180, 278 N. W. 364.

Violation of this statute is negligence per se. If such violation is the proximate cause of injury to another, then the person who so violates the statute is liable for the resulting damage. Serr v. Biwabik Concrete Aggregate Co. *supra*. Where the doctrine of negligence per se is applicable, violation of the statute constitutes conclusive evidence of negligence, Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543 (1889), unless excusable or justifiable under the circumstances of the case. The burden of proving excuse or justification is on the person violating the statute. Jannette v. M. F. Patterson Dental Supply Co. 193 Minn. 153, 258 N. W. 31 (1934). No proof of specific acts of negligence or of a propensity of the animal to do the things which caused plaintiff's damage is necessary.

Affirmed.