Marilyn L. **PETERSON**, Appellant,

v.

David P. **PAWELK**, Respondent,

**Chester and Esther Mattson, husband and wife, Respondents.**

**No. 47405.**

Supreme Court of Minnesota.

Feb. 17, 1978.

William B. Haas, Hutchinson, for appellant.

Clarance E. Hagglund and Joel M. Muscoplat, Minneapolis, for Pawelk.

Jerome E. Kline, Bloomington, for Mattson.

**PER CURIAM.**

This action was brought by plaintiff, Marilyn L. Peterson, to recover for injuries she sustained when an automobile driven by defendant David P. Pawelk, in which plaintiff was a passenger, collided with a bull owned by defendants Chester and Esther Mattson. On the basis of a special verdict in which the jury found neither defendant Pawelk nor defendant Chester Mattson negligent, the court ordered judgment for defendants. Plaintiff in this appeal contends that defendants were negligent as a matter of law, claiming defendant Pawelk failed to keep a proper lookout and defendants Mattson violated Minn.St. 346.16, which prohibits owners of domestic animals from permitting them to run at large. Our review of the record requires us to reject these contentions and affirm the judgment.

After denying plaintiff's motions for a directed verdict, the trial court submitted the issues of negligence, causation, and damages to the jury. It found in a special verdict that plaintiff had sustained damages of $16,000, but that neither defendants Pawelk nor Chester Mattson was negligent.[1]

The accident occurred about 10 p. m. August 14, 1973, on Wright County Highway No. 1. At the scene of the accident the road has sand shoulders about a foot wide which slope toward ditches on both sides of the road. The ditch on the east side is approximately 2½ feet deep. The road is straight and level, the weather was good, there was no traffic, and Pawelk was driving in the southbound lane at a speed between 40 and 45 miles per hour. Plaintiff sat in the front seat of the automobile and her brother Larry, his wife, and their daughter sat in the back seat.

The 10-month-old, 1,000-pound bull which collided with Pawelk's automobile was one of a herd of cattle which defendants Mattson kept in a grove on the west side of the road. The area was fenced by a two-strand, barbed wire fence running parallel with the road about 25 feet from its west edge. The fence was about 4 feet high, and the bottom strand was electrically charged. Defendant Chester Mattson testified that

---

1. No evidence was offered as to the conduct of defendant Esther Mattson, so there was no reason to submit the issue of her liability to the jury.

he kept the fence in good repair and that no cattle had escaped from the pasture before that evening, but he admitted that an animal of the bull's age and size could jump over a fence more than 5 feet high if the animal were frightened.

Plaintiff testified that when she first saw the bull it was standing 20 to 30 feet away from the car with its front legs on the shoulder of the northbound lane and its hind legs on the downslope. It was looking west, and she thought it was standing still. As she screamed, the bull ran to the west across the northbound lane, into the southbound lane. Pawelk said he saw the animal when plaintiff screamed and that its hind legs were then on the shoulder, the rest of its body in the northbound lane, and that it was running. He estimated that the bull was 20 to 25 feet from the automobile at that point. He did not attempt to turn but slammed on his brakes, causing the car to skid. He could not stop before the bull struck the left front of the vehicle, bounced or was thrown over the hood, and fell to the pavement in front of the automobile.

Larry Peterson gave a different version of the accident. He testified that he saw the bull before plaintiff screamed and Pawelk saw it, and that the animal was then in the southbound lane two or three car lengths (36 to 54 feet) away and coming toward the headlights. He thought a maximum of 5 seconds elapsed between the time he first saw the bull and the occurrence of the collision.

■ In spite of the conflicting testimony about the location of the bull when it was first seen by defendant Pawelk, plaintiff contends that under any version of the accident he was negligent as a matter of law because he did not keep a proper lookout and thus could not avoid the collision.

As we said in *Bowe v. Fredlund,* 295 Minn. 103, 108, 203 N.W.2d 327, 331 (1972):

"The issue of negligence is for the jury except in those cases where it clearly appears to the trial court, after accepting the view of the evidence most favorable to the adverse party including all reasonable inferences to be drawn therefrom, that it would be its duty to set aside a contrary result as not justified by the evidence or as contrary to the law applicable to the case."

Viewing the evidence in the light most favorable to Pawelk requires the conclusion that the jury could have determined that he was driving at a reasonable speed, that the bull did not appear at the edge of the road and within the range of his headlights before plaintiff saw it, that he saw the animal almost as soon as she did, and that it was then only 20 to 25 feet away and running across the northbound lane toward his vehicle. The jury could also have found that Pawelk had no time to do more than apply his brakes and that the collision was unavoidable.

Plaintiff contends, nevertheless, that because the road was straight and level, the weather was good, there was no traffic, and Pawelk had no other distractions, he should have seen the bull when it was "standing in the ditch," and if he had done so, he could have slowed his vehicle and gone by the animal without incident. There is no proof that the animal was standing in the ditch or would have been clearly visible if it was. Moreover, Pawelk was not required either to anticipate that the bull would be at large or to watch the area outside the roadway for dangers. As this court said in *Wedel v. Johnson,* 196 Minn. 170, 174, 264 N.W. 689, 691 (1936):

"* * * [The driver] was not bound to anticipate that animals would be at large in violation of a statute or in contravention of the requirements of ordinary prudence. Nor was he bound to have headlights that would reveal animals so at large beyond the traveled highway. Headlights upon an automobile are to reveal objects upon the highway and to announce the car's presence to others. There are sufficient dangers to be guarded against upon the traveled highway to absorb the driver's attention, and it would be hazardous to require him to survey the surrounding country as well."

We conclude that the issue of Pawelk's negligence was properly submitted to the jury.

Plaintiff's contention that defendants Mattson were negligent as a matter of law is based on her claim that the evidence conclusively establishes their violation of Minn.St. 346.16, which provides:

"The herding of any animal of the species of cattle, horse, ass, mule, sheep, swine, or goat upon any land over the protest and against the will of the owner shall be deemed a running at large.

"It shall be unlawful for any owner or any person having the control of any such animal to permit the same to run at large in the state.

"Any person who shall knowingly permit the running at large of any such domestic animal shall be liable to the person aggrieved for treble damages sustained by him, to be recovered in a civil action brought for that purpose."

█ "Running at large" in the context of the statute has been defined as " 'the permitting of any animal * * * to stroll, wander, rove or ramble at will without restraint or confinement.' " *Serr v. Biwabik Concrete Aggregate Co.*, 202 Minn. 165, 180, 278 N.W. 355, 364 (1938). It is also established that violation of the statute is negligence per se; thus, if the violation is the proximate cause of injury to another, the person violating the statute is liable for the resulting damages unless the violation is excusable or justifiable under the circumstances of the case. Moreover, the burden of proving excuse or justification is upon the owner. *Pigman v. Nott,* 305 Minn. 512, 233 N.W.2d 287 (1975).

█ In this case there is no dispute that the bull was running at large, but that fact, of itself, does not establish that defendants Mattson violated § 346.16 because it is not evidence that they permitted the animal to run at large. The meaning of the word "permit" as used in the statute was not considered in the *Serr* and *Pigman* cases; but its presence clearly negates a legislative intent to impose strict liability on the owner of an animal running at large. While the final paragraph of § 346.16 imposes liability for treble damages on an owner who "knowingly permits" an animal to run at large, the second paragraph provides that it is unlawful for an owner "to permit" an animal to do so. Thus, it is not necessary that the owner have knowledge that his animal is running at large, but he must in some way have allowed it to do so. The word "permit" is susceptible of several meanings, among them "to give an opportunity" and "to make possible." [2] It appears that the legislature so used the word in the second paragraph of the statute. Under the evidence, whether defendant Chester Mattson, by his conduct, gave the bull an opportunity to run at large or made it possible for him to do so would have been a jury question, and an instruction so defining the word "permit" and also giving the definition of "running at large" enunciated in *Serr v. Biwabik Concrete Aggregate Co., supra,* would have been appropriate.

However, in its instructions the court defined negligence and then told the jury that violation of a statutory duty is negligence, and that if they found the statute to be applicable they would have to decide whether its violation was a direct cause of the accident. The court then read the second paragraph of § 346.16 without further explanation. In the special verdict, the jury was asked whether defendant Chester Mattson was negligent and responded in the negative. None of the parties objected to the instructions or to the form of the special verdict, and it is probable that the jury understood that plaintiff's recovery against defendant Mattson depended upon proof that he negligently permitted the bull to run at large. In any event, the manner in which this issue was submitted became the law of the case. *Bakke v. Rainbow Club, Inc.,* 306 Minn. 99, 102, 235 N.W.2d 375, 378 (1975). The evidence on this issue as submitted clearly was in dispute and amply supports the jury's

2. Webster's Third New International Dictionary (1976) p. 1683.

findings. Therefore, the judgment is affirmed as to all of the defendants.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.