435 A.2d 1292

**Anne S. LEVIN, a Minor, by Her Parents and Natural Guardians, Marvin J. Levin and Charlotte W. Levin and Marvin J. Levin and Charlotte W. Levin, in their own right, Appellants,**

v.

**DESERT PALACE, INCORPORATED, t/a Caesar's Palace.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Oct. 16, 1981.

---

Gordon Gelfond, Philadelphia, for appellants.

Joel Paul Fishbein, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Following the lower court's granting appellee's motion for compulsory nonsuit in this trespass action, appellant moved to have the nonsuit removed. The lower court denied appellant's motion, prompting this appeal. We are unable to reach the merits of the appeal, however, because the order denying appellant's motion has not been reduced to judgment and docketed.

It is clear that an order refusing a new trial or judgment n. o. v. is interlocutory and nonappealable, *see, e. g., Slagter v. Thrifty Clean, Inc. (Slagter v. Mix)*, 441 Pa. 272, 272 A.2d 885 (1971); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981); *Mitchell v. United Elevator*

*Co.,* 290 Pa.Super. 476, 434 A.2d 1243 (1981); *Richard v. Chester Extended Care Center,* 287 Pa.Super. 289, 430 A.2d 290 (1981); *Brogley v. Chambersburg Engineering Co.,* 283 Pa.Super. 562, 424 A.2d 952 (1981), and does not become appealable until it is "reduced to judgment and docketed." Pa.R.A.P. 301(c). *Cf. Heffner v. Bock,* 287 Pa.Super. 345, 430 A.2d 318 (1981); *Penstan Supply Co. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981) (orders denying exceptions following nonjury trial, held not appealable).

Similarly, an appeal from an order denying appellant's motion to remove a nonsuit is interlocutory and nonappealable. Rule 227.1 of the Civil Procedure sets forth the time for filing *all* post-trial motions after a trial by jury. It provides:

> *All post-trial motions* after trial by jury, *including* a motion for a new trial, judgment not obstante veredicto, judgment upon the whole record after disagreement of a jury, *removal of a nonsuit* and in arrest of judgment, *shall be filed within ten (10) days after nonsuit* or verdict or disagreement of the jury.

(Emphasis added.) The rule was promulgated in 1977 to provide some uniformity in the area of civil post-trial motions. *See. E. J. McAleer & Co. v. Iceland Products,* 475 Pa. 610, 612 n.2, 381 A.2d 441, 442 n.2 (1977); Explanatory Note to Pa.R.Civ.P. 227.1. *See also* Pa.R.Civ.P. 1038(d) (filing motions for new trial, judgment n. o. v., and removal of nonsuit not permitted after non-jury trial). Following the denial of post-trial motions, judgment must be entered upon the docket before the matter is properly appealable. Pa.R.A.P. 301(c). We cannot discern any basis for treating the propriety of an appeal from an order denying a motion to take off a nonsuit any differently from that of an order denying a new trial or judgment n. o. v. The motions are to be filed at the same time, before the same court. We can find no justification for developing different procedural prerequisites to appeal these similar motions.

*Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority, supra* 291 Pa.Super. at 405, 435 A.2d at 1289–1290. Accordingly, because judgment has not been entered, the appeal must be quashed.[*]

Appeal quashed.

---

[*] Appellant's counsel was certainly aware of the need to have judgment entered because the trial court specifically informed him of his obligation to file a praecipe to have judgment entered. N.T. 28–29.