439 A.2d 826

**Edward ANSKIS, Appellant,**

**v.**

**Selma FISCHER and Louis Fischer and Michael Lenahan and Sears, Roebuck & Company.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed Jan. 8, 1982.

Harry J. Oxman, Philadelphia, for appellant.

Jay E. Plunk, Jr., Philadelphia, for Fischer.

Gerard Bruderle, Philadelphia, for Lenahan, et al.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

214

OPINION PER CURIAM:

Following trial in this trespass case, the jury returned a $150,000 verdict for appellant against the additional defendants, Michael Lenahan and Sears, Roebuck & Co., and found for defendants, Selma and Louis Fischer, against appellant. The additional defendants promptly moved to have the verdict molded because appellant's claim was barred under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. III, § 303, as amended; 77 P.S. § 481. The lower court granted their motion and entered the following order:

AND NOW, this 13th day of November, 1978, upon Motion made on behalf of the additional defendants, it is hereby ORDERED and DECREED that the verdict entered against additional defendants, Michael Lenahan and Sears, Roebuck, & Co., be and hereby is molded in favor of said additional defendants in accordance with the Pennsylvania Workmen's Compensation Act, and further that any judgment entered thereon hereafter be marked "satisfied".

Appellant subsequently filed a motion to remove the order of November 13 and a motion for a new trial. On March 3, 1980, the lower court denied those motions. This appeal followed.

It is well settled that an order refusing a new trial or judgment n. o. v. is not appealable until it has been reduced to judgment and docketed. *See, e.g., Levin v. Desert Palace, Inc.,* 291 Pa.Superior Ct. 408, 435 A.2d 1292 (1981); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority,* 291 Pa.Superior Ct. 402, 435 A.2d 1288 (1981); *Gaertner v. F. Jay Smith, Inc.,* 291 Pa.Superior Ct. 341, 435 A.2d 1257 (1981). *Accord Hayes v. Southeastern Pennsylvania Transportation Authority,* 292 Pa.Superior Ct. 470, 437 A.2d 770 (1981). "Similarly, an appeal from an order denying a motion to remove a nonsuit is interlocutory and nonappealable." *Levin v. Desert Palace, Inc., supra* 291 Pa.Super. at 408, 435 A.2d at 1292, quoting *Thomas M. Durkin & Sons, Inc. v. Nether Providence Town-*

*ship School Authority, supra* 291 Pa.Super. at 404, 435 A.2d at 1289. The denial of appellant's motion for a new trial was not reduced to judgment, and, therefore, is clearly not appealable at this time. The denial of appellant's motion to remove the order molding the verdict is analogous to an order refusing to remove a nonsuit, an order which must also be reduced to judgment before it may be appealed. Accordingly, because judgment has not been entered on the docket, we must quash this appeal.

Appeal quashed.

VAN der VOORT, J., concurs in the result.