448 A.2d 614

**Dennis L. MILLER and Constance J. Miller, in their own rights and as parents and natural guardians of Scott Lee Miller, a Minor, Appellants,**

v.

**Elvin HURST.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1982.

Filed July 23, 1982.

Petition for Allowance of Appeal Denied Nov. 4, 1982.

236

Neil J. Rovner, Harrisburg, for appellants.

Wiley P. Parker, Lebanon, for appellee.

Before CERCONE, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, CIRILLO and MONTEMURO, JJ.

238

WIEAND, Judge:

In this appeal, we are asked to determine whether a dog owner who permits a dog to run free in violation of a law requiring that the dog be restrained is liable, without further proof of negligence, for injuries caused when the dog bites a small child. This issue arises because the trial judge entered a compulsory nonsuit in an action brought by the child's parents to recover for injuries caused by a roving German Shepherd, and the court en banc refused a motion to remove the nonsuit. Before reaching the substantive issue, however, we must determine whether an order refusing to remove a compulsory nonsuit is a final and appealable order.

Until recently the procedural rule of law was clear. An appeal did not lie from an order entering a nonsuit, but it did lie from the refusal to take it off. *Kukich v. Serbian Eastern Orthodox Church of Pittsburgh*, 415 Pa. 28, 202 A.2d 77 (1964); *Dellacasse v. Floyd*, 332 Pa. 218, 2 A.2d 860 (1938); *Gehringer v. Erie Railways Co.*, 297 Pa. 47, 146 A. 148 (1929); *Fine v. Soifer*, 288 Pa. 164, 135 A. 742 (1927); *McDonald v. Babcock*, 269 Pa. 68, 112 A. 29 (1920); *Nazareth F. & M. Co. v. Marshall*, 257 Pa. 489, 101 A. 848 (1917); *Bausbach v. Reiff*, 237 Pa. 482, 85 A. 762 (1912); *Haverly v. Mercur*, 78 Pa. 257 (1875). *See also* 1 Goodrich Amram 2d, § 231(b):4.1.

The authority for the nonsuit procedure had been found in the Act of March 11, 1875, P.L. 6, § 1, 12 P.S. § 645, which provided:

Whenever the defendant, upon the trial of a cause in any court of common pleas of this commonwealth, shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered, if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit; and in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record by writ of error into the supreme

court for revision and review, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence.[1]

This statutory provision was repealed, effective June 27, 1980, by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[653], 42 P.S. § 20002(a)[653]. Nevertheless, the practice of entering a nonsuit for failure to prove a prima facie case has continued. *See* Pa.R.C.P. 224. However, "[t]here is still no right to appeal without first moving to take off the nonsuit. The appeal lies only from the action of the court en banc in refusing to remove the nonsuit." 1 Goodrich Amram § 231(b):5.

■ A refusal by the court en banc to remove a compulsory nonsuit is a final order which unequivocally puts the plaintiff out of court. It is a judicial determination holding it "inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved." *Sargeant v. Ayers*, 358 Pa. 393, 397, 57 A.2d 881, 883 (1948), quoting from *Virgilio v. Walker and Brehm*, 254 Pa. 241, 244–45, 98 A. 815, 816 (1916). It is not a direction by a court en banc that a specified judgment shall thereafter be entered or that a verdict be recorded. It is neither the same as nor comparable to the denial of a motion for a new trial which calls for the subsequent entry of a judgment. A refusal to remove a compulsory nonsuit is a final order and requires no further entry of judgment. It constitutes a final adjudication that the plaintiff cannot recover, puts him or her finally out of court, and bars the

1. By Act of June 3, 1971, P.L. 120, No. 6, § 1 (§ 509(a)(25)), the statute had been amended by deleting the language permitting an appeal to the Supreme Court. This was consistent with the Appellate Court Jurisdiction Act of July 31, 1970, which modernized the jurisdictional bounds of the appellate courts in Pennsylvania and provided that "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . ." Act of July 31, 1970, P.L. 673, Art. III, § 302, 17 P.S. § 211.302.

commencement of a second action upon the same cause. Can any adjudication be more final than this? The answer is readily apparent. Because such a determination is a final order, it is appealable to the same extent as other final orders. *See Adoption of G.M.*, 484 Pa. 24, 398 A.2d 642 (1979); *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977).

■ Several recent decisions by panels of this court have sought to equate an order refusing to remove a compulsory nonsuit with an order refusing to award a new trial and have held that an order refusing to remove a nonsuit is not appealable unless and until a judgment has been entered thereon. *See Anskis v. Fischer*, 294 Pa.Super. 212, 439 A.2d 826 (1982); *Fisher v. Findlay*, 293 Pa.Super. 293, 438 A.2d 1000 (1981); *Lawson v. Bond*, 293 Pa.Super. 179, 437 A.2d 1264 (1981); *Levin v. Desert Palace, Inc.*, 291 Pa.Super. 408, 435 A.2d 1292 (1981); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981). The analogy attempted to be drawn by these decisions is not apt. An order refusing to remove a compulsory nonsuit, contrary to an order refusing to award a new trial, is a final, *judicial determination* that as a matter of law the plaintiff has no cause of action on which recovery can be had. In this respect it is comparable to an order sustaining preliminary objections in the nature of a demurrer to a complaint and dismissing the complaint without leave to amend. Such an order, it is agreed by all, is final and appealable. *See Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 264 A.2d 668 (1970); *Rabben v. Steinberg*, 187 Pa.Super. 28, 142 A.2d 400, 401 (1958).

[3] The appealability of an order refusing to remove a compulsory nonsuit has not been impaired by Pa.R.C.P. 227.1.[2] This rule, promulgated in 1977, was intended to

2. The rule is as follows:
All post-trial motions after trial by jury, including a motion for new trial, judgment non obstante verdicto, judgment upon the whole record after disagreement of a jury, removal of a nonsuit and in

make uniform the time within which to file all post trial motions in civil cases. *See E. J. McAleer & Co. v. Iceland Products*, 475 Pa. 610, 612 n.2, 381 A.2d 441, 442 n.2 (1977); Explanatory Note to Pa.R.C.P. 227.1. It was not intended to determine and does not expressly or by necessary implication determine or affect the finality of an order refusing to remove a compulsory nonsuit.

■ Similarly, Pa.R.App.P. 301(c) does not prevent or impair in any way the right to appeal from an order of a court en banc refusing to remove a compulsory nonsuit. This rule provides:

A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

This rule, by its terms, has no applicability to an order refusing to remove a compulsory nonsuit, except possibly, that the order must be entered in the docket before an appeal therefrom can be filed. The rule does not require that an order refusing to remove a compulsory nonsuit, as opposed to denying a motion for new trial, be reduced to judgment. Indeed, the exclusion from its terms of an order refusing to remove a compulsory nonsuit suggests most strongly that the rule was not intended to alter the rule which for many years has held that an appeal lies from an order of a court en banc refusing to remove a compulsory nonsuit.

We hold, therefore, that an order refusing to remove a compulsory nonsuit is appealable. Panel decisions reaching a contrary conclusion are overruled. We proceed, now, to consider the substantive issue raised in the present appeal.

arrest of judgment, shall be filed within ten (10) days after nonsuit or verdict or disagreement of the jury.

The Dog Law of December 22, 1965, P.L. 1124, Art. VII, § 702, 3 P.S. § 460–702, provides in relevant part as follows:

It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either (1) confined within the premises of the owner, or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured, or (3) under the reasonable control of some person, or when engaged in lawful hunting or field training accompanied by an owner or handler.

Appellants' evidence in the instant case showed that Elvin Hurst, appellee, was the owner of a German Shepherd dog which he permitted to roam without restraint.[3]  On June 1, 1977, the dog entered neighboring property where Scott Miller, then six years of age, was playing with his brother and a friend.  When the dog approached the children, Scott attempted to pet the dog, which thereupon bit and tore open the boy's cheek.  Although plastic surgery was performed, Scott has been left with a permanent, L-shaped scar.

The appellee-owner was aware that his dog became nervous or restless if children attempted to hang on to it.  He also knew that children resided and frequently played in the neighborhood.  However, plaintiffs-appellants failed to produce evidence that the dog had previously exhibited vicious tendencies or had bitten anyone.  For this reason, the trial court held that appellants had failed to prove a cause of action and entered a nonsuit.  Reliance was placed upon the decision of the Superior Court in *Freeman v. Terzya*, 229 Pa.Super. 254, 323 A.2d 186 (1974), where this Court said:

No matter how innocent the victim may be or how serious the injury sustained, the owner of the dog is not responsible for the consequences of the dog's bite if he has no reason to know the viciousness or dangerous propensities of the dog beforehand: *Andrews v. Smith*, 324 Pa. 455, 188 A. 146 (1936).  This is true even though the owner violates the Dog Law of Pennsylvania . . . .  "[T]hat act

**3.** On the date of the incident in question, appellee was issued a citation for committing a violation of the Dog Law.

does not purport to change or affect in any way the rule that an owner's liability for the vicious acts of his dog cannot be predicated upon ownership alone, but it must be based also on an owner's knowledge of his dog's viciousness and his failure then to take proper steps to prevent that viciousness displaying itself to the hurt of human beings."[4]

Id., 229 Pa.Superior at 256, 323 A.2d at 187.

We conclude that a society which has become as urbanized as it presently exists in Pennsylvania can no longer permit dogs to run free without imposing responsibility upon their owners for damages caused to persons or property by such roving dogs. This, we believe, was the intent of the legislature when it enacted the Dog Law of 1965. Section 702 of the statute, as a cursory reading of the entire statute discloses, was enacted as part of a statute intended to protect the public from personal injury, property damage and other hazards created by roving dogs. Indeed, Section 702 is directly supplemented by Section 501,[5] which provides specific remedies to persons who have sustained bodily injury or property damage caused by unrestrained dogs.

Section 286 of the Restatement (Second) of Torts suggests that a "court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results." These are the considerations which prompted enactment of the Dog Law. We are unable to perceive any good reason for failing to adopt the requirement of the statute as the standard for

4. This rule has sometimes been known, albeit erroneously, as the "one free bite" rule.

5. 3 P.S. § 460–501.

determining whether a person has complied with the common law duty to exercise ordinary care.

We conclude, therefore, that an unexcused violation of the Dog Law is negligence per se.[6] Restatement (Second) of Torts, § 288B. By so holding, we overrule *Freeman v. Terzya, supra,* and join a growing number of states which have acknowledged the potential danger of allowing dogs to run at large in an urban society. Although some states have gone further and have imposed absolute liability for damages caused by roving dogs,[7] we find it improvident and unnecessary to effect such a monumental change without legislative action. The legislature in Pennsylvania has enacted a Dog Law which requires that owners of dogs prevent their animals from running at large, but it has not yet imposed absolute liability upon an owner who violates such law. Therefore, we do not usurp the function and prerogative of the legislature. We hold merely that violation of the legislatively enacted Dog Law is negligence per se.[8] This, we believe, is consistent with the intent of the legislature

6. Appellee contends that appellants failed to plead negligence per se and that a cause of action based thereon has consequently been waived. This contention is lacking in merit. The complaint, which is a *fact* pleading, alleged clearly a violation of the Dog Law and a resulting injury. It concluded that appellee was either liable absolutely or liable for negligence. The fact that the pleading did not use the term "negligence per se" is not significant.

7. *See Kowal v. Archibald,* 148 Conn. 125, 167 A.2d 859 (1961); *Mapoles v. Mapoles,* Fla.App., 350 So.2d 1137 (1977); *Nelson v. Lewis,* 36 Ill.App.3d 130, 344 N.E.2d 268 (1976); *LeMars Mutual Insurance Co. of Iowa v. Bonnecroy,* Iowa, 304 N.W.2d 422 (1981); *Holland v. Buckley,* La., 305 So.2d 113 (1974); *Teel v. Colson,* Me., 396 A.2d 529 (1979); *Malchanoff v. Truehart,* 354 Mass. 118, 236 N.E.2d 89 (1968); *Seim v. Garavalia,* Minn., 306 N.W.2d 806 (1981); *Paulsen v. Courtney,* 202 Neb. 791, 277 N.W.2d 233 (1979); *Mascola v. Mascola,* 168 N.J.Super. 122, 401 A.2d 1114 (1979); *Hirschauer v. Davis,* 163 Ohio St. 105, 126 N.E.2d 337 (1955); *Nelson v. Hansen,* 10 Wis.2d 107, 102 N.W.2d 251 (1960). *See also* 4 Am.Jur.2d Animals, §§ 88, 116; 142 A.L.R. 436.

8. A dog owner may always show that his or her dog escaped despite the exercise of due care. In such cases, the roving of the dog would not constitute negligence.

and also with the holdings of courts of other jurisdictions having similar laws. *See Pigman v. Nott,* 305 Minn. 512, 233 N.W.2d 287 (1975); *Alex v. Armstrong,* 215 Tenn. 276, 385 S.W.2d 110 (1964); *Butler v. Frieden,* 208 Va. 352, 158 S.E.2d 121 (1967).

The rule which we adopt today is in accord with the interpretation which the courts of this State have consistently placed upon provisions of the Liquor Code of April 12, 1951, P.L. 90, Art. IV, § 493(1), 47 P.S. § 4-493(1). Violations of requirements imposed by that law have been held to be negligence per se. *See Majors v. Brodhead Hotel,* 416 Pa. 265, 205 A.2d 873 (1965); *Jardine v. Upper Darby Lodge No. 1973,* 413 Pa. 626, 198 A.2d 550 (1964); *Connelly v. Ziegler,* 251 Pa.Super. 521, 380 A.2d 902 (1977).

Where proof of negligence rests upon a violation of the Dog Law, liability does not attach unless the violation is a substantial factor in bringing about the injuries sustained. Despite a violation of the statutory requirement, moreover, an action for personal injuries may be defended, where appropriate, by showing that the plaintiff was guilty of contributory negligence which caused his or her own injuries. These issues, however, will normally be for the trier of the facts. A deliberate violation of the Dog Law suffices to show negligence; but liability is not absolute.

In the instant case, evidence that appellee intentionally allowed his dog to run without restraint was sufficient to make out a prima facie case of negligence. As such, plaintiffs-appellants were entitled to have their claim submitted to a jury; the entry of a compulsory nonsuit was improper.

Reversed and remanded for proceedings consistent with the foregoing opinion.

CIRILLO, J., files a dissenting and concurring opinion.

CIRILLO, Judge, dissenting and concurring:

I respectfully dissent from the majority holding that an order refusing to remove a compulsory nonsuit is appealable prior to the entry of judgment on the docket.

It is clear that an appeal does not lie from an order entering a nonsuit, but rather, an appeal may only be taken subsequent to the denial of a motion to remove the nonsuit. The majority holds that the appeal is actually taken from the order refusing to remove the nonsuit. However, I would hold that an order refusing to remove a nonsuit is not appealable until a judgment is entered on the order.

The majority has stated that an order refusing to remove a nonsuit is comparable to an order sustaining preliminary objections in the nature of a demurrer, which is appealable without a judgment being entered. In my opinion, however, an order refusing to remove a nonsuit is analogous to an order refusing to award a new trial, which must have a judgment entered before it can be appealed. *See*: Pa.R. A.P. No. 301(c), 42 Pa.C.S.A.

Where a demurrer to a complaint has been sustained, the court has made a finding that the complaint fails to state a cause of action upon which relief can be granted. *Papieves v. Lawrence (Kelly)*, 437 Pa. 373, 381, 263 A.2d 118 (1970); Pa.R.C.P. No. 1017(b)(4). The court's finding that no cause of action exists does not involve the weighing of any evidence of the case. Upon the docketing of such an order, the matter is out of court and the order is immediately appealable without entry of judgment. No judgment is required because there is no longer any case upon which to enter judgment.

On the other hand, where a motion for a new trial has been denied, the verdict of the fact-finder remains extant. It is that verdict upon which judgment must be entered prior to appealing the denial of the motion for a new trial.

Similarly, where a motion to remove a nonsuit is denied, there remains a case upon which judgment can be entered. The complainant may be out of court as a result of the nonsuit, but it is not because he failed to state a claim as in

the case of a demurrer. Rather, it is because the complainant has failed to substantiate the claim with sufficient evidence at trial. *Jurich v. United Parcel Service*, 239 Pa.Super. 306, 308, 361 A.2d 650 (1976); Pa.R.C.P. No. 224.

Under Pa.R.C.P. No. 227.1, the motion for removal of a nonsuit is classified as a post-trial motion, as distinguished from a pre-trial preliminary objection in the nature of a demurrer to a complaint. The majority correctly points out that Rule 227.1 equates motions for a new trial and for removal of a nonsuit only for the explicit purpose of standardizing the filing period for post-trial motions. This need for uniformity in the area of civil post-trial motions is the reason Rule 227.1 was promulgated. Further, the classification of motions to remove nonsuit and for a new trial as post-trial motions in Rule 227.1 assures prompt consideration of these motions by the trial court prior to appellate review.[1]

This court has held on several occasions that the motion to remove a nonsuit is to be treated like all other post-trial motions. *See: Lawson v. Bond*, 293 Pa.Super. 178, 437 A.2d 1264 (1981); *Levin v. Desert Palace, Inc.*, 291 Pa.Super. 408, 435 A.2d 1292 (1981); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981). I see no reason to overrule these decisions as they provide a clear and consistent guide as to the appealability of an order refusing to take off a nonsuit. I would, therefore, hold that this was not an appealable order before us in this matter and this appeal should be quashed.

Since the majority has, in my view incorrectly, reached the merits of this case, I add my concurrence to their ruling that an unexcused violation of the "Dog Law" constitutes negligence per se.

1. The firmly established rule of Pennsylvania appellate courts is that all post-trial motions shall be considered by the trial court prior to appeal. *Nord v. Devault Contracting Co.*, 460 Pa. 647, 334 A.2d 276 (1975); *Gibson v. Miller*, 265 Pa.Super. 597, 402 A.2d 1033 (1979); Pa.R.C.P. Nos. 227.1, 1038(d) and 1518.