**Widom v. Kauffman**

*Raymond P. Kashimba,* for plaintiffs.
*Peter J. Quigly,* for defendants.

O'BRIEN, *J.*, May 28, 1986 — Plaintiffs have filed a complaint against defendants alleging that their mixed breed dog "Bandit" attacked and bit minor plaintiff, Wendy Widom. Plaintiffs seek both compensatory and punitive damages. Defendants have filed preliminary objections in the nature of a motion to strike plaintiffs' demand for punitive damages.

Pennsylvania has adopted the rule of punitive damages as set forth in section 908 of the Restatement (Second) of Torts and the comments thereunder. *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963); *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970). Section 908(2) of the Restatement (Second) of Torts provides in part:

"(2) Punitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others."

Plaintiffs contend that defendants' failure to keep this dog confined, while knowing that the dog had bitten twice in the past, constitutes "reckless" conduct on their part showing a conscious disregard to the rights of plaintiffs.

We do not believe plaintiffs have pleaded facts sufficient to show "outrageous" behavior on the part of defendants. The allegations in plaintiffs' complaint set forth a cause of action against defendants under prior law. This law held that a dog owner was

liable if: (1) the owner allowed his dog to come into contact with the general public; (2) the owner was aware of the dog's dangerous propensities; and (3) the dog caused injury. An owner of a dog was not liable for the consequences of a dog bite if he had no reason to know the vicious propensities of the dog beforehand. *Freeman v. Tenzya*, 229 Pa. Super 254, 323 A.2d 186 (1974).

Under current law, 3 P.S. §459-305, an owner's knowledge of his dog's viciousness or dangerous propensities is no longer required for liability. In *Miller v. Hurst,* 302 Pa. Super. 235, 448 A.2d 614 (1982), the court held that an unexcused violation of the dog law is negligence per se. While expanding liability for violation of the dog law to owners without knowledge of their dog's dangerous propensities, the *Miller* decision does not imply that an owner's knowledge of his dog's propensity to bite, is sufficient evidence to warrant granting punitive damages.

Plaintiffs must show a "reckless indifference" to the rights of others on the part of defendants to justify an award of punitive damages. See Restatement (Second) of Torts, comment (b). Some direction in determining the nature of a "reckless" act may be obtained by reference to section 500 of the Restatement of Torts titled "Reckless Disregard of Safety." *Feld v. Merriam*, 314 Pa. Super. 414, 461 A.2d 225 (1983) citing *Focht v. Rabada,* supra. Comment (a) to section 500 describes two distinct types of reckless conduct with represent very different mental states: (1) where the "actor knows, or has reason to know . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act or fail to act, in conscious disregard of or indifference to that risk"; and (2) where the "actor has such knowledge or reason to know of the facts,

but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so." Under Pennsylvania law, only the first type of reckless conduct described above is sufficient to warrant the granting of punitive damages. *Martin v. Johns-Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985). Therefore, knowledge alone, as alleged by plaintiffs in the instant case, is insufficient to base an award of punitive damages.

Pennsylvania is a fact-pleading state, Pa.R.C.P. 1019(a). A complaint must not only give defendants notice of what plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980), citing *Baher v. Rangos,* 229 Pa. Super. 333, 324 A.2d 498 (1974). Plaintiffs have failed to plead facts necessary to indicate defendants' conduct was outrageous.

We therefore issue the following

### ORDER

And now, this May 28, 1986, defendants' motion to strike plaintiff's demand for punitive damages in count III of the complaint is granted.