478 A.2d 1362

**George SKOWRONSKI and Marie Skowronski, his wife, Appellants,**

v.

**Marilyn BAILEY.**

Superior Court of Pennsylvania.

Argued May 23, 1984.

Filed July 20, 1984.

Norman Lubin, Williamsport, for appellants.

Susan R. Ferrell, Williamsport, for appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

MONTEMURO, Judge:

This is an appeal from the order of the Court of Common Pleas of Lycoming County granting summary judgment in favor of the defendant below, Marilyn Bailey, and against the plaintiffs below, George and Marie Skowronski. The Skowronskis (appellants) contend that summary judgment was improper inasmuch as there existed genuine issues of

material fact which should have been submitted to the jury. They further assert that the lower court erred in favorably assessing the credibility of the deposition testimony of appellee, Marilyn Bailey, in deciding to grant her summary judgment motion. We agree.

Under the Rules of Civil Procedure, Pa.R.C.P. 1035(b), a party shall be entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977), the court explained:

The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record must be examined in a light most favorable to the non-moving party. (citations omitted). In *McFadden v. American Oil Co.*, 215 Pa.Super. 44, 48–49, 257 A.2d 283, 286 (1969), this court noted:

"In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.... Finally, a summary judgment should be granted only when the case is clear and free from doubt."

*Id.*, 249 Pa.Superior Ct. at 245, 376 A.2d at 249–50.

■ The appellants' cause of action arose out of an incident wherein appellant, Marie Skowronski, was riding her bicycle along Heshbon Road in Old Lycoming Township. As she rode past appellee's house, a dog owned by appellee ran into the street and collided with appellant's bicycle causing her to fall and seriously injure her knee.

After the close of the pleadings, the depositions of appellant, Marie Skowronski, and the appellee were taken. Marie Skowronski testified that she was riding her bicycle

along Heshbon Road at approximately 7:00 P.M. on June 5, 1981. When she passed the appellee's house, she saw appellee in the yard with the dog. The dog appeared to be agitated. She stated that she thought the dog was restrained. The appellant proceeded a short distance past the house when she noticed the dog running toward her from approximately six (6) to ten (10) feet away. She thought she saw a piece of chain waving as the dog was running. The dog hit the front wheel of the bicycle with its snout and paws knocking it over. The appellant further stated that after the accident, appellee visited her in the hospital and admitted that the dog was chained and the chain had snapped. Appellant also asserted that appellee told her the dog was unaccustomed to being with people. Appellant stated that she had never seen the dog before or since the accident.

The appellee testified that the dog, one of two which she owned, was kept primarily inside. At all times when it was outside, the dog was on a leash which was held by the appellee or was attached to a chain which was affixed to a tree on the appellee's property. The appellee stated that, at the time of the incident, she was inside her house and that the dog had been outside on the chain for approximately forty-five (45) minutes. Appellee heard the dog bark and went to the door, where she saw that the chain was broken and that the dog was running into the street. Appellee saw the dog go between the wheels of the bike and then saw the bike fall on the dog. When called by appellee, the dog returned. Appellee further testified that the dog was friendly and liked people. She admitted that the dog often barked at passers-by and extended the chain to its full length when doing so. She asserted that: "All the dog's chains have always been purchased in a hardware store rather than a commercial Hart's band or whatever because they have a heavier gauge chain." (Deposition of Marilyn Bailey at 13). She went on to assert that she inspected the chains periodically and bought new ones when they were

worn—approximately once a year. She revealed that the swivel portion of the chain which was affixed to the tree had broken, and that the chain was turned over to her insurance company after the accident.

Relying on the court's opinion in *Miller v. Hurst*, 302 Pa.Super. 235, 448 A.2d 614 (1982), the lower court found that in order to prevail "the plaintiff must be able to establish that the defendant intentionally allowed the dog to run free or that the defendant was negligent in allowing the dog to run free." Lower Court Opinion at 2. The court then determined that based on the deposition testimony of appellant and appellee, the appellants could not support, and in fact had refuted, the allegations set forth in their complaint.[1]

In *Miller v. Hurst, id,* we held that an unexcused violation of Section 702 of the Dog Law of 1965[2] constituted negligence *per se.* The court went on to state: "A dog owner may always show that his or her dog escaped despite the exercise of due care. In such cases, the roving of the

---

1. The appellants alleged, *inter alia:*
   3. The Defendant on or about June 5, 1981, wrongfully kept a certain dog, which she permitted to go at large in Old Lycoming Township, Lycoming County, Pennsylvania.
   4. The Defendant then knew that the said dog was of a ferocious, vicious and mischievous nature and used and accustomed to attack and bite mankind.
   5. On June 5, 1981, the said dog, so kept by the Defendant, attacked Plaintiff who was lawfully riding a bicycle on the public right of way in front of Defendant's residence and caused Plaintiff, Marie Skowronski, to fall from her bicycle greatly hurting and wounding the right leg of the Plaintiff, Marie Skowronski.

2. Act of December 22, 1965, P.L. 1124, art. 1, § 101 *et seq.,* 3 P.S. § 460–702, *repealed and reenacted,* Act of December 7, 1982, P.L. 784, No. 225, art. III, § 101 *et seq.,* 3 P.S. § 459–305.
   It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either (1) confined within the premises of the owner, or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured, or (3) under the reasonable control of some person, or when engaged in lawful hunting or field training accompanied by an owner or handler.

dog would not constitute negligence." *Id.*, 302 Pa.Superior Ct. at 244 n. 8, 448 A.2d at 619 n. 8.[3]

Our reading of the deposition testimony of the parties leads us to conclude that a genuine issue of material fact exists with respect to this action, and that it is not clear that the appellee is entitled to judgment as a matter of law.

The lower court concludes that the deposition testimony of the appellant and the appellee refutes the allegation in appellants' complaint that appellee, "wrongfully kept a certain dog, which she permitted to go at large in Old Lycoming Township, Lycoming County, Pennsylvania." In fact, the testimony of both appellant and appellee shows that the dog *was* at large. There is no requirement that the appellants demonstrate a prior history of the dog running loose, only that it was running loose at the time of the incident in question. It is undisputed that the testimony does not indicate that allowing the dog to run loose was an intentional act on the part of the appellee, nevertheless appellants' complaint does not assert any intentional act. Rather it is susceptible to an interpretation that the dog was at large due to the negligence of the appellee. If appellants could establish such negligence—either through violation of the Dog Law or through common law principles of negligence—then they would, upon a proper showing of causation, be able to establish the liability of the appellee.

■■■ With respect to the question of whether the appellee exercised due care in restraining the dog, there is

---

**3.** We note here that violation of Section 703 of the Dog Law establishes negligence *per se;* however, it is not the only manner in which a prospective plaintiff can establish the negligence of a dog owner when that plaintiff suffers injuries from a dog. "Violation of a statute may be negligence *per se* and liability may be grounded on such negligence *if, but only if, such such negligence is the proximate and efficient cause of the accident in question." Kaplan v. Philadelphia Transportation Company,* 404 Pa. 147, 149, 171 A.2d 166 (1961). However, a party may rely on common law principles of negligence in addition to statutory violations in order to establish liability. *See also, Majors v. Brodhead Hotel,* 416 Pa. 265, 205 A.2d 873 (1965).

We point this out only to clarify that we read appellants' complaint as one alleging general negligence on the part of the appellee, not as one relying solely on violation of Section 702 of the Dog Law as implied in the opinion of the Lower Court.

deposition testimony by the appellee concerning the type of chain used, and concerning appellee's practice in selecting, inspecting and replacing the chain. This type of testimony, however, is incompetent to support a motion for summary judgment:

"Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury."

*Curran v. Philadelphia Newspapers, Inc.*, 497 Pa. 163, 183, 439 A.2d 652, 662 (1981), *quoting*, 2 Goodrich Amram 2d § 1035(b): 4 at 434–435. In *Curran*, the court reiterated the rule set forth in *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), as it applies to summary judgments. Consequently, we cannot accept appellee's assertions as being true, and accordingly, the question of whether appellee exercised due care must be submitted to a jury.

In accordance with this finding, the order of the lower court granting summary judgment is vacated, and the case remanded.

Vacated and Remanded. Jurisdiction is not retained.