490 A.2d 857

**Edward D. LOOKENBILL, Appellant,**

**v.**

**Mary Lee GARRETT.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed March 22, 1985.

436

Samuel K. Gates, York, for appellant.

John M. Crabbs, Hanover, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

WICKERSHAM, Judge:

This is an appeal from an order of the Court of Common Pleas of York County granting summary judgment in favor of appellee.

Appellant, Edward D. Lookenbill, and appellee, Mary Lee Garrett, a/k/a Mary Lee Kuhn, are the sole litigants in a real estate partnership dispute. At all times relevant to this appeal, appellant was a licensed real estate agent or salesman and appellee was a licensed real estate broker. Appellant obtained his license in February or March of 1980 and began working as an agent for appellee. On June 29, 1981, appellant and appellee entered into a written partnership agreement, for the express purpose of "operating a real estate practice." Appellant paid $12,500.00 to appellee for a one-half interest in this partnership, $2,500.00 of which was to provide the initial capitalization of the partnership. A fictitious name registration listing the partnership as M & E Hanover Realty was filed. At some point thereafter, appellant was advised that a partnership consist-

ing of a broker and an agent is illegal and unenforceable under the Real Estate Licensing and Registration Act and the rules and regulations of the Real Estate Commission. On April 30, 1982, appellant filed suit against appellee, alleging that appellee knew or should have known that their partnership was illegal and unenforceable and that the parties could lose their licenses, that appellee acted fraudulently and intentionally to obtain money for the illegal partnership from appellant, and that as a result appellant lost the $12,500.00 investment plus interest. Following various pre-trial filings and depositions of both parties, appellee moved for summary judgment on the issue of the legality of the contract. On September 26, 1983, the trial court sustained appellee's motion. Appellant filed this timely appeal. The State Real Estate Commission has filed an amicus brief in support of appellant's position.

The question presented to us is whether an agreement to form a partnership for the purpose of operating a real estate practice is an illegal agreement when one partner is a licensed real estate broker and the other partner is a licensed real estate agent. In other words, we must decide whether the Real Estate Commission's regulation that all members of a partnership seeking a broker's license must be duly licensed brokers themselves is inconsistent with the Real Estate Licensing and Registration Act. The trial court found the regulation to be inconsistent with the Act, which resulted in its decision that the parties' agreement was legal.

Under Pennsylvania Rule of Civil Procedure No. 1035(b), a party shall be entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Skowronski v. Bailey*, 330 Pa.Super. 83, 478 A.2d 1362 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984). Summary judgment should not be entered unless a case is clear and free from doubt. *Rich-*

*land Mall Corp. v. Kasco Construction Co., Inc.,* 337 Pa.Super. 204, 486 A.2d 978 (1984); *Skowronski v. Bailey, supra.*

'In reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law.'

*Curry v. Estate of Thompson,* 332 Pa.Super. 364, 368, 481 A.2d 658, 659 (1984), *quoting Rybas v. Wapner,* 311 Pa.Super. 50, [54], 457 A.2d 108, [109] (1983).

■ The Real Estate Licensing and Registration Act, 63 P.S. § 455.101–.902.[1] (hereinafter "the 1980 Act") provides, in pertinent part:

[I]t shall be unlawful for any person, directly or indirectly, to engage in or conduct, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity of a broker or sales person ... within this Commonwealth without first being licensed or registered as such as provided in this act.

63 P.S. § 455.301.

In section 201 of the 1980 Act, a person is defined as any individual, corporation, partnership, association, or other entity.

Definitions of a broker and a salesperson are also provided in section 201 of the 1980 Act.[2] A broker may be either

---

**1.** Act of February 19, 1980, P.L. 15, No. 9; as amended Act of March 7, 1982, P.L. 158, No. 50; as amended Act of March 29, 1984, P.L. 162, No. 32.

**2.** A broker is defined as:

Any person who, for another and for a fee, commission or other valuable consideration:

(1) negotiates with or aids any person in locating or obtaining for purchase or lease any real estate;

(2) negotiates the listing, sale, purchase, exchange, lease, financing or option for any real estate;

(3) manages or appraises any real estate;

an individual or an entity such as a partnership. The licensure of partnerships as real estate brokers was and is permitted under both the 1929 and 1980 Acts. Section 6(c) of the 1929 Act, now repealed, provided:

(c) No copartnership, association or corporation shall be licensed by the department or commission as a real estate broker, unless all of the members of any such copartnership or association and all of the officers of any such corporation, intending to actually engage in or actually engaging in the real estate business, are duly licensed real estate brokers.

63 P.S. § 436(c) (repealed).

The Real Estate Commission's regulation at 49 Pa.Admin. Code § 35.21(a) (hereinafter "the Code"), adopted in 1966, was promulgated pursuant to section 6(c) of the 1929 Act. The regulation provides the following general requirement for corporate and partnership licensure as a real estate broker:

(a) A partnership, association or corporation may be licensed as a real estate broker, if all members of any such partnership or association or all officers of any such corporation who intend to engage in or actually engage in

(4) represents himself as a real estate consultant, counsellor, house finder;

(5) undertakes to promote the sale, exchange, purchase or rental of real estate: Provided, however, That this provision shall not include any person whose main business is that of advertising, promotion or public relations; or

(6) attempts to perform any of the above acts.

63 P.S. § 455.201. We note that the 1984 amendments to this section have changed the wording of this definition, but the changes are immaterial to the decision of this case.

A salesperson is defined as:

Any person employed by a licensed real estate broker to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase or sale or exchange of real estate or to negotiate a loan on real estate or to lease or rent or offer to lease, rent or place for rent any real estate or collect or offer or attempt to collect rent for the use of real estate for or in behalf of such real estate broker. No person employed by a broker to perform duties other than those activities as defined herein under 'broker' shall be required to be licensed as a salesperson.

Id.

the real estate business themselves are duly licensed as real estate brokers.

49 Pa.Admin.Code § 35.21(a).

In the 1980 Act, which repealed the 1929 Act,[3] provisions for the licensure of both individual and entity brokers are contained in sections 511, 512, and 513. Section 511 establishes requirements that an applicant must meet in order to qualify for a broker's license. 63 P.S. § 455.511. Section 512 sets forth certain requirements for applying for a broker's license. 63 P.S. § 455.512. Section 513 provides:

> If the applicant for a broker's license is a corporation, partnership or association, then the provisions of sections 511 and 512 shall apply to the individual designated as broker of record. The employees of said corporation, partnership or association actually engaging in or intending to engage in the real estate business shall meet the provisions of sections 521 and 522.

63 P.S. § 455.513 (footnotes omitted).

Sections 521 and 522 pertain to the licensure of salespersons. Broker of record was defined in the original 1980 Act as:

> A sole proprietor or principal individual broker of a licensed corporation, partnership or association or other entity, foreign or domestic.

63 P.S. § 455.201.[4]

Finally, section 404 of the 1980 Act gives the Real Estate Commission the power to promulgate rules or regulations in order to administer and effectuate the purposes of the Act and provides that all existing rules or regulations adopted pursuant to the 1929 Act "shall remain in full force and effect until modified by the commission." 63 P.S. § 455.-404(a).

We agree with the Commission that a reading of section 404 of the 1980 Act shows that the legislature intended

**3.** 63 P.S. § 455.901.

**4.** This definition, however, has been entirely omitted by the 1984 amendments to the 1980 Act, and "broker of record" is no longer defined.

that, where possible, the provisions of the 1980 Act are to be construed so as to be reconcilable with the regulations promulgated under the 1929 Act. We also agree that given the differences between the two acts, it is possible that some of the regulations promulgated under the 1929 Act cannot be reconciled with the 1980 Act. In those cases, the legislature intended that any such inconsistent regulation would not remain in full force and effect under passage of the 1980 Act.

Upon careful consideration of the provisions concerning licensure of real estate partnerships in the 1980 Act and in the Code, we are constrained to agree with the lower court that the Commissions's regulation at 49 Pa.Admin.Code § 35.21(a) is inconsistent with the 1980 Act. Section 35.-21(a) of the Code requires that all members of a partnership applying for a license as a broker be brokers themselves. This requirement, while consistent with provisions in the repealed 1929 Act, goes beyond the provision of the 1980 Act which requires only the individual designated as broker of record in a partnership to qualify and apply for a broker's license. Section 455.513 of the 1980 Act clearly contemplates the possibility of a partnership in which not all partners are licensed brokers.

An examination of the language regarding a limited broker's license supports the lower court's conclusion. Section 533 of the 1980 Act provides for the licensure of partnerships as limited brokers (brokers who deal exclusively with cemetary lots and the like). Section 533 requires that the broker of record for the partnership *as well as* those members of the partnership who intend to engage in the real estate business must be licensed limited brokers. This section clearly spells out that all members of the partnership must be licensed limited brokers.[5] If the legis-

5. We note the Commission's argument that the 1929 Act expressly provided that only one member of a partnership seeking licensure as a limited broker needed to be licensed as a broker. 63 P.S. § 436a(a). The Commission's regulations were consistent with this provision. *See* 49 Pa.Admin.Code § 35.33. Thus, the legislature, when drafting the 1980 Act, found it necessary to make a specific provision in the

lature had wanted to require all members of a partnership seeking licensure as a regular broker to be licensed brokers, it could have spelled out such a requirement in section 513 in the same manner that it did for limited brokers in section 533. The legislature deleted the language, present in the 1929 Act and the regulation, that all members of a partnership applicant for a broker's license be themselves licensed brokers, and replaced it with the language in the 1980 Act that if the applicant for a broker's license is a partnership, the broker's license requirements apply to the individual selected as broker of record. The deletion of statutory language by the legislature renders that language inoperative and indicates that the legislature has admitted a different intent. *Deremer v. Com., Workmen's Compensation Appeal Board*, 61 Pa.Commw. 415, 433 A.2d 926 (1981); *See Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979); *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977).

 As the lower court correctly noted:

An administrative agency, such as the State Real Estate Commission which promulgates the Rules, can exercise only those powers conferred upon it by the legislature in clear and unmistakable language. *See Com., Pennsylvania Human Relations Commission v. Transit Casualty Insurance Co.*, 478 Pa. [430], 387 A.2d 58 (1978); *Com., Pennsylvania National Guard v. Com., Workmen's Compensation Appeal Board*, [63 Pa. Commw. 1], 437 A.2d 494 (1981). Legislative power of the Commonwealth is vested in the General Assembly. Article II, § 1 of the Constitution of Pennsylvania. The legislature cannot delegate power to make a law to any other branch of government or to any other body or authority. *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 211 A.2d 487 (1965). It follows that a rule promulgated by an

law requiring all members of a limited broker's partnership to be licensed limited brokers, because this was a change from the previous law. We find this argument interesting, but irrelevant.

administrative agency that makes law by rule or regulation rather than merely administer law acts illegally. Lower ct. op. at 6. *See also Volunteer Fireman's Relief Association of Reading v. Minehart,* 425 Pa. 82, 227 A.2d 632 (1967); *Commonwealth v. American Ice Co.,* 406 Pa. 322, 178 A.2d 768 (1962). We are not bound by rules and regulations that are contrary to the governing statutes under which they are promulgated. *Commonwealth v. Harmar Coal Co.,* 452 Pa. 77, 306 A.2d 308 (1973), *appeal dismissed,* 415 U.S. 903, 94 S.Ct. 1395, 39 L.Ed.2d 460 (1974); *Montgomery County Geriatric and Rehabilitation Center v. Com., Department of Public Welfare,* 75 Pa. Commw. 248, 462 A.2d 325 (1983); *E. Smalis Painting Co., Inc. v. Com., Department of Transportation,* 70 Pa. Commw. 90, 452 A.2d 601 (1982).

While the instant regulation was not contrary to the 1929 Act under which it was promulgated, it is contrary to the 1980 Act now in effect. To the extent that the regulation goes beyond the 1980 Act by setting requirements in addition to those provided for in the 1980 Act, the Commission has acted beyond the power conferred upon it. Therefore, only the provisions of the 1980 Act control the licensure of a partnership as a real estate broker.

Instantly, the parties' agreement formed a partnership between a licensed real estate salesperson and a licensed real estate broker for the purpose of operating a real estate practice. Under section 301 of the 1980 Act, this purpose is lawful when the partnership is licensed as a real estate broker. The partnership can apply for a license as a broker when it complies with sections 511, 512, and 513 of the Act. Appellee is a licensed broker in compliance with the Act and she is the one responsible to the Commission as the broker of record, as required by section 513. Thus the partnership was able to meet the requirements of the Act.[6] It follows that the agreement itself was legal to the extent that it

6. The lower court noted that the questions of whether the partnership itself acted in accordance with the 1980 Act, actually applied for its license as a broker, or conducted real estate operations, were not before it for summary review.

forms an entity which can comply with the law to act as a broker. Therefore, we affirm the lower court's grant of summary judgment in favor of appellee on the issue of the legality of the partnership agreement.

Order affirmed.