514 A.2d 610

**Richard PRYOR, Appellant,**

v.

**LANDMARK SAVINGS ASSOCIATION.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Aug. 28, 1986.

Gary M. Davis, Pittsburgh, for appellant.

Charles W. Hergenroeder, III, Pittsburgh, for appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

Plaintiff/appellant, Richard Pryor, appeals a summary judgment granted in favor of defendant/appellee, Land-

mark Savings Association.[1] Appellant brought suit against Landmark seeking to recover money paid to Landmark by Erie Insurance Exchange.

In 1975, Landmark (then Second Federal Savings & Loan Association) obtained a mortgage on appellant's residential property to secure a loan to appellant. On June 2, 1981, Landmark commenced a mortgage foreclosure proceeding against appellant and on July 6, 1981, appellant filed for relief under Chapter 13 of the Bankruptcy Code. On July 7, 1981, a default judgment was entered in the mortgage foreclosure action and on July 13, 1981 Landmark commenced execution proceedings.[2]

On February 21, 1982, while the execution proceedings were pending, the premises were destroyed by fire. On February 26, 1982, Landmark was granted relief from the stay in the bankruptcy proceedings and on April 5, 1982, Landmark purchased the mortgaged premises at a Sheriff's sale held pursuant to the execution proceedings. Landmark never pursued any claim for a deficiency judgment.

The insurance policy in question was issued to appellant by Erie Insurance Exchange. According to the mortgage agreement between Landmark as mortgagee and appellant as mortgagor, a foreclosure of the mortgage would give Landmark all right, title and interest of appellant in any insurance policy and would also give Landmark full power to settle or compromise all claims under such policies and to demand and receive all monies becoming payable thereunder. Pursuant to the mortgage agreement, Landmark filed

1. The Order of Court granted defendant/appellee's motion for summary judgment, gave judgment for the defendant/appellee and dismissed plaintiff/appellant's claim.

2. We are aware of the possible violations of the automatic stay provisions of the Bankruptcy Code. The parties do not address the issue here, but we note that the Bankruptcy court entered an Order of Relief from the automatic stay on February 26, 1982. We presume, therefore, that any issues arising from entry of the default judgment or continuation of the execution proceedings were resolved by the Bankruptcy court and thus the default judgment and Sheriff's sale held pursuant to the execution proceedings resulted from actions which were within the jurisdiction of the Court of Common Pleas.

a claim under the insurance policy issued to appellant, and on April 13, 1983, Erie Insurance Exchange paid Landmark $17,415.64.

Appellant contends Landmark was not entitled to any insurance proceeds and that Landmark has been unjustly enriched because it received money from Erie Insurance Exchange. He argues that the Sheriff's sale fully satisfied the mortgage obligation because Landmark did not pursue its right to recover a deficiency judgment and, therefore, Landmark should not be allowed to recover under the insurance policy. Appellant is, in effect, asking us to characterize the insurance proceeds as an indirect deficiency judgment collection.

■ When reviewing an Order granting summary judgment, we must accept as true all well-pleaded facts in the non-moving party's pleadings giving that party the benefit of all reasonable inferences to be drawn therefrom. We will uphold the decision when the record indicates an absence of genuine issues of material fact and an entitlement to judgment as a matter of law. *Chicarella v. Passant*, 343 Pa.Super. 330, 494 A.2d 1109 (1985). *Lookenbill v. Garrett*, 340 Pa.Super. 435, 490 A.2d 857 (1985).

■ As the trial judge correctly pointed out, appellant has the wrong party in court. Appellant's remedy in this case is to file suit against Erie Insurance Exchange.[3] As the lower court stated, "Landmark did nothing that in any way interfered with any right that plaintiff had to recover any benefits to which he was entitled under his insurance agreement with Erie. If Erie mistakenly paid Landmark, this was to the detriment of Erie—not [appellant]." (Slip Op. at p. 3)

Appellant's argument regarding Landmark's unjust enrichment is flawed because appellant has not been denied

---

3. We note that appellant apparently has instituted suit against the insurance company.

any opportunity to pursue a claim against Erie, and as Landmark asserts, it recovered only the amount still outstanding on the mortgage debt. Clearly, even if we were to presume Landmark has obtained an undeserved benefit, any unjust enrichment has not been at the expense of the appellant. Such a detriment to appellant would be necessary before restitution would be ordered. *Martin v. Little, Brown and Co.*, 304 Pa.Super. 424, 450 A.2d 984 (1981). If there had been full satisfaction of the mortgage debt prior to Landmark's recovery from Erie, then appellant's claim would be worthy of attention. *See Laurel National Bank v. Mutual Beneficial Insurance Co.*, 297 Pa.Super. 473, 444 A.2d 130 (1982). Here, however, Landmark received its due and appellants were not deprived of any value to which they were entitled.

Landmark chose to pursue its claim against Erie rather than bring an action for a deficiency judgment against appellant, either remedy being available to it. We note that the mortgage agreement states that the mortgagee (Landmark) was to be named as loss payee, and at all relevant times, Landmark or its predecessor in interest, was named as such. The agreement employed by the mortgagee simply provides alternative means for it to obtain full satisfaction and appellant cannot derive a benefit out of its default or fire-sustained loss to the detriment of the mortgagee.

Although appellant's arguments are interesting, they are not sufficient to avoid summary judgment for the appellee.

For the foregoing reasons, the judgment of the lower court is affirmed.

Judgment affirmed.