549 A.2d 922

**John McHUGH and Joan McHugh, husband and wife**

**v.**

**LITVIN, BLUMBERG, MATUSOW & YOUNG, a Professional Association.**

**Appeal of Joan McHUGH.**

Superior Court of Pennsylvania.

Argued April 21, 1988.

Filed Sept. 19, 1988.

Reargument Denied Nov. 9, 1988.

William P. Murphy, Philadelphia, for appellant.

Joseph H. Foster, Philadelphia, for appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the order below entering summary judgment in favor of appellee in a legal malpractice action. Appellant contends that the trial court erred in granting summary judgment in favor of appellee (1) on the ground that appellant's underlying cause of action was not, at the time it arose, justiciable under Pennsylvania law, and (2) by ignoring the alternate federal common law basis for her claim. For the reasons that follow, we agree with the trial court that appellee was entitled to summary judgment and, accordingly, we affirm the order below.

The relevant procedural history, as summarized by the court below, is as follows:

On May 12, 1987, this Court granted Partial Summary Judgment in favor of [appellee] law firm Litvin, Blumberg, Matusow and Young (hereinafter "Litvin"), by entering judgment in its favor against Joan McHugh, [appellant], holding that a prima facie case of professional malpractice fails when [appellant] could not have succeeded in the underlying suit, her claim for loss of consortium to have been non-existent at the time her cause of action accrued....

On February 12, 1971, [appellant's husband] John McHugh seriously hurt his back, having fallen on an obstruction aboard the barge Argoil 150, during the course of his employment as a tankerman. [In 1973,] through his attorney, Joseph Boardman, Esquire, ... John McHugh brought suit against his employer, Interstate Oil Company, and Mobil Oil Company under the general maritime law and the Jones Act.... [In 1974,] Boardman [also] filed, on behalf of both John McHugh and his wife, Joan, another [action] ... against Interstate Oil Company, Mobil Oil Company and E.W. Saybolt, Inc.

Boardman later referred the McHugh case to [appellee] Litvin, which entered its appearance for [the McHughs] on July 5, 1974.

It is alleged, however, that Litvin conducted [the McHughs'] cases in a negligent and careless manner; as a direct result thereof, [both actions were dismissed with prejudice]. . . .

After the dismissals were affirmed on appeal, [the McHughs] retained new counsel, who instituted the present action against Litvin, alleging that negligence and breach of contract by Litvin caused [the McHughs] to lose their rights to recover from Interstate Oil, Mobil Oil, and E.W. Saybolt for John McHugh's injuries sustained on February 12, 1971. [Appellant] Joan McHugh's sole allegation as to damages sustained by her is for the loss of her husband's consortium. Respecting that claim, Litvin moved this Court for entry of summary judgment in its favor, against [appellant] Joan McHugh, upon the ground that Pennsylvania law did not provide her with a cause of action for loss of consortium at the time John McHugh sustained his injuries. We agreed, and accordingly have granted Litvin's Motion.

This timely appeal was taken from the court's order granting appellee's motion for summary judgment.

Rule 1035(b) of the Pennsylvania Rules of Civil Procedure provides that summary judgment

shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

*Id.* "Summary judgment is appropriate only in those cases which are clear and free from doubt." *Spain v. Vicente,* 315 Pa.Super. 135, 138, 461 A.2d 833, 835 (1983) (citations omitted). Moreover,

[t]he burden of demonstrating that no genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record

must be examined in a light most favorable to the non-moving party.

*Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 245, 376 A.2d 247, 249 (1977) (citations omitted). *See also Skowronski v. Bailey*, 330 Pa.Super. 83, 85, 478 A.2d 1362, 1363 (1984).

■ When, as here, the complaint alleges a cause of action based upon legal malpractice, three essential elements must be established:

1. The employment of the attorney or other basis for duty;
2. The failure of the attorney to exercise ordinary skill and knowledge; and
3. That such negligence was the proximate cause of damage to the plaintiff.

*Schenkel v. Monheit*, 266 Pa.Super. 396, 399, 405 A.2d 493, 494 (1979) (quoting R. Mallen & V. Levit, *Legal Malpractice* 123 (1977)) (footnote omitted). *See also ei bon ee baya ghananee v. Black*, 350 Pa.Super. 134, 140, 504 A.2d 281, 284 (1986). With these principles in mind, we consider the facts presented below.

■ Appellant contends first that the trial court erred in determining that summary judgment was appropriate on the ground that appellant, as a matter of law, could not prevail on her legal malpractice claim because at the time her *underlying* cause of action accrued, Pennsylvania law did not recognize a woman's right to recover for loss of consortium. Appellant acknowledges that a woman's right to recover for loss of consortium did not exist until passage of the Pennsylvania Equal Rights Amendment (ERA).[1] *See Hopkins v. Blanco*, 457 Pa. 90, 93–94, 320 A.2d 139, 140–41 (1974) (in light of ERA, wife, like husband, must have right to recover for loss of consortium). Moreover, appellant

1. The ERA provides that:
   Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.
   Pa. Const. art. I, § 28 (adopted May 18, 1971).

does not dispute the fact that her cause of action arose on February 12, 1971, the date her husband was injured, and thus predates the May 18, 1971 adoption of the ERA. Appellant nevertheless argues that the court's determination that she did not have a right to recover for loss of consortium in February, 1971 constitutes a current violation of the ERA. Appellant thus concludes that the ERA should be applied retroactively to her claim. With regard to this issue, we have carefully reviewed the record and the briefs submitted by the parties, and we conclude that the trial court has properly disposed of this contention in its opinion. Accordingly, for the reasons stated in the trial court's opinion, we affirm its disposition of this issue.

In a related argument, appellant maintains that the ERA should be retroactively applied here because her case is indistinguishable from *Hopkins v. Blanco, supra.* Appellant reasons as follows:

> [I]n *Hopkins v. Blanco* ..., the very case in which the Pennsylvania Supreme Court recognized a wife's loss of consortium claim based on the ERA, the injury to the husband plaintiff took place *before the ERA's passage.* The Superior Court in *Hopkins,* observed that the husband's personal injury action had been filed in September of 1970. *Hopkins v. Blanco,* 224 Pa.Super. 116, 302 A.2d 855, 859 (1973), *aff'd* 457 Pa. 90, 320 A.2d 139 (1974). His injuries obviously were received prior to that time. Thus, when the Supreme Court recognized the wife plaintiff's cause of action in *Hopkins,* it actually applied the ERA to a loss of consortium claim which necessarily accrued prior to the May 18, 1971 passage of the ERA itself. This is precisely the circumstance presented in this case....

Appellant's Brief at 9–10.

We note preliminarily that appellant did not specifically raise an argument relating to the factual indistinguishability of *Hopkins* in the court below.[2] Because appellant failed

---

**2.** In her Memorandum of Law in Opposition to Appellee's Motion for Partial Summary Judgment, appellant argued only that (1) the right to sue for loss of consortium was extended to wives after the ERA was

to present this theory in the court below, she has waived this claim. *See* Pa.R.A.P. 302(a). *See also Kimmel v. Somerset County Comm'rs,* 460 Pa. 381, 384–85, 333 A.2d 777, 779 (1975); *Metal Bank of America, Inc. v. Insurance Co. of N. Am.,* 360 Pa.Super. 350, 365–66, 520 A.2d 493, 501 (1987). Moreover, even if this argument were not waived, we would conclude that it is meritless. In *Hopkins,* neither the Supreme Court nor this Court was presented with an argument that the ERA should apply only to those claims arising after its adoption. Instead, as our Supreme Court noted, "[t]he sole issue presented by this appeal is whether a wife may recover damages in Pennsylvania for the loss of her husband's consortium." 457 Pa. at 91, 320 A.2d at 139. Because the question of the retroactivity of the ERA was neither presented nor decided in *Hopkins,* that case does not require that we depart from traditional retroactivity analysis, and hold that appellant had a right to recover for loss of consortium prior to the adoption of the ERA.

█ Appellant next contends that even if she could not have prevailed in the underlying suit because she did not have a right to sue for loss of consortium under Pennsylvania law, the trial court erred in granting summary judgment because such a right existed under federal common law, and appellee was negligent in failing to preserve the right.[3] In support of this argument, appellant cites to *American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) (plurality opinion), in which the Supreme

adopted; and (2) the *Hopkins* decision, recognizing this right, should be applied retroactively. *See* R.R. at 40a–41a.

3. Appellee argues that appellant has waived this claim because she never raised the issue in the court below. We disagree. In her complaint filed in the court below, appellant did not confine herself to an allegation that appellee was negligent only in failing to prosecute her claim under Pennsylvania law. Instead, appellant alleged that appellee negligently failed to prosecute her "various actions", which included a claim based upon "negligence under the general Maritime Law of the United States and as modified by the Jones Act." Complaint at 5, ¶ 18; 3, ¶ 9 (R.R. at 21a, 25a). In addition, we note that appellant renewed her federal common law argument in her Memorandum in opposition to appellee's motion for summary judgment. *See* R.R. at 42a–43a. Accordingly, we conclude that appellant has not waived this argument.

Court of the United States, interpreting general maritime law, held that the wife of an injured harbor worker could maintain an action for loss of consortium. Appellant argues that *Alvez* should have retroactive application to all cases pending on May 12, 1980, the date it was decided. Appellant then notes that her case in fact was pending in this Court until August, 1980, when we affirmed the dismissal of her complaint in the underlying loss of consortium action on the ground that she had failed to comply with the applicable statute of limitations. Because our decision was reached *after Alvez* was decided, appellant apparently would conclude that, but for appellee's misconduct in failing to comply with the statute of limitations, the retroactive application of *Alvez* may have given her a right to recover under federal common law. We disagree.

When the underlying action was pending in this Court, that appeal, of course, was limited to those claims raised in the trial court. *See* Pa.R.A.P. 302(a). In her complaint filed in that action, appellant had stated that her claim was "brought under the admiralty law as modified by the Jones Act". *McHugh v. Interstate Oil Transport Corp. et al.*, unpublished memorandum at 5 (R.R. at 64a). On the direct appeal, however, we specifically held that "we reject the argument that this case should be considered as having been brought under both the general admiralty law as well as under the Jones Act." *Id.* at 6 (R.R. at 65a). In so holding, we reasoned that:

> We are aware that the work performed by seamen is hazardous and that efforts have been made to avoid the application of possibly more harsh rules of common law by the adoption of remedial legislation in the form of the Jones Act. We are also aware that the Jones Act should be liberally construed.... However, because the Appellants have deemed it appropriate to bring their action under the Jones Act, we cannot accept their argument that they should be entitled to benefits which are in direct conflict with such legislation.

.   .   .   .   .

*Id.* at 5–6 (R.R. at 64a–65a) (citation omitted).[4] Because we held in the prior appeal that appellant had *not* asserted a claim under federal common law, she would not have been entitled to the benefit of the *Alvez* ruling simply because her appeal, raising unrelated issues, was pending when *Alvez* was decided. Accordingly, appellant's assertion that the trial court erred in granting summary judgment as to her claim under federal common law is meritless.

■ Moreover, to the extent that appellant would argue that appellee was negligent for failing to raise and preserve a claim under federal common law in the prior appeal so that she could have had the benefit of the *Alvez* decision, we would simply emphasize that *Alvez* was not decided until 1980, some nine years after appellant's loss of consortium claim arose, and three years after the complaint should have been filed. Thus, the right to sue for loss of consortium under federal common law in these types of cases did not exist at the time appellee would have had to raise and preserve the claim. Appellee cannot be found liable for malpractice for failing to assert a then non-existent claim, or for failing to foresee the change that *Alvez* made in the law. *Cf. Commonwealth v. Rice,* 456 Pa. 90, 93, 318 A.2d 705, 707 (1974); *Commonwealth v. Franklin,* 306 Pa.Super. 382, 389, 452 A.2d 777, 780 (1982), *allocatur denied.*

For the foregoing reasons, we affirm the order below granting summary judgment in favor of appellee.[5]

ORDER AFFIRMED.

**4.** The specific issue presented in the prior appeal was whether appellant's action was governed by the three-year statute of limitations contained in the Jones Act, or by general maritime law, which has no statute of limitations and evaluates timeliness based upon equitable principles. *McHugh v. Interstate Oil Transport Corp, supra* at 5 (R.R. at 64a).

**5.** Appellant also argues that the trial court erred in entering summary judgment because "The Equal Protection Clause of the Fourteenth Amendment Required Recognition of a Cause of Action for a Wife's Loss of Consortium Even Prior to the Husband's Injury in this Case." Appellant's Brief at 10. It is undisputed that appellant did not raise this argument in the court below. *See* Reply Brief for Appellant at 7. Accordingly, she has waived this claim. *See* Pa.R.A.P. 302(a). *See*

*also Kimmel v. Somerset County Comm'rs, supra; Metal Bank of America, Inc. v. Insurance Co. of N. Am., supra.*

Appellant finally argues that her loss of consortium claim "Was Timely Filed Within The Three Year Period Applicable to Jones Act Cases." Appellant's Brief at 16. In the court below, appellee alleged, as an alternative ground in favor of summary judgment, that appellant's loss of consortium claim was time-barred before she engaged appellee's services. The trial court, because it granted the motion for summary judgment on the ground that appellant did not have a cognizable claim for loss of consortium, did not address appellee's argument that appellant's claim was time-barred. Similarly, because we agree with the trial court that appellee was entitled to summary judgment on the ground that appellant did not have a cognizable claim for loss of consortium, and because the grant of summary judgment is supportable on this ground alone, we need not address the merits of appellant's argument regarding whether her claim was time-barred.