**Adams County Probation Office v. DeSilva**

*Martha J. Duvall,* for plaintiff.

*Catherine J. Gault,* for defendant Carolyn DeSilva.

*Chester G. Schultz,* for defendant LeRoy Starner.

KUHN, *J.,* January 12, 1990 — The issue in these two cases are identical and are therefore consolidated for disposition on their respective motions to dismiss. Both cases are filed by the Adams County Juvenile Probation Office on behalf of an individual under its court-ordered supervision.

DR-250-89 involves an action filed against defendant, Carolyn DeSilva, seeking support for her child Shawn A. Magness, born February 3, 1971. After Shawn's 18th birthday he was adjudicated a delinquent child under provisions of the Juvenile Act, 42 Pa.C.S. §6301, et seq., for acts he committed while under the age of 18 years. On May 16, 1989, the Juvenile Court Judge ordered that Shawn be enrolled in the residential Project Self program at Youth Forestry Camp. no. 3 after his high school graduation.

Shawn entered the program on May 30, 1989, and continued therein until July 23, 1989. On June 14, 1989, the Chief Juvenile Probation Officer filed a support action.

At a support conference held August 1, 1989, the conference officer determined that the residential program cost $83 per day. Based upon Ms. DeSilva's earnings a recommended order of $58 per week for the period May 30, 1989,[1] through July 23, 1989, payable at the rate of $100 per month, was entered

---

1. The final order will have an effective date of June 14, 1989, which corresponds to the date of filing the complaint.

August 16, 1989. Ms. DeSilva filed a demand for hearing and on October 13, 1989, orally moved to dismiss the action.

DR-284-89 involves an action filed against defendant, LeRoy Starner, seeking support for his child, Michael L. Starner, born June 29, 1971. After Michael's 18th birthday, he was adjudicated a delinquent child under provisions of the Juvenile Act for acts he committed while under the age of 18 years. On July 12, 1989, the Juvenile Court Judge ordered Michael to be placed in a residential program. On July 13, 1989, the Chief Juvenile Probation Officer filed a support action.

At a support conference held August 1, 1989, the conference officer determined that his residential program cost $73 per day. Based upon Mr. Starner's earnings a recommended order of $63 per week, payable at the rate of $50 per week, was entered August 14, 1989. Mr. Starner filed a demand for hearing and on October 12, 1989, filed a motion to dismiss.

The issue before this court is whether a support action may be maintained against a parent by the Juvenile Probation Office on behalf of an adult child who is participating in a residential program pursuant to order of the Juvenile Court. For the reasons discussed below, we conclude that the action may be so maintained.

Each defendant correctly cited authority holding that there is a presumption in Pennsylvania that a parent's duty to support a child ends when the child reaches age 18 years. *DeWalt v. DeWalt,* 365 Pa. Super. 280, 529 A.2d 508 (1987). The burden is then placed upon the adult child to rebut the presumption by showing that he is physically or mentally feeble or otherwise unemployable. *Verna v. Verna,* 288 Pa. Super. 511, 515, 432 A.2d 630, 632 (1981). Defen-

dants argue that their adult children are the real parties in interest, that the children must commence the action in their names, Pa.R.C.P. 1910.3(1), and that their children must overcome the presumption. However, this action is not being pursued under the Support Act of 1985, P.L. 264, no. 66, 23 Pa.C.S. §4301, et seq., hereinafter "Act 66."

The Rules of Civil Procedure designate the framework within which to bring "all civil actions or proceedings" to "enforce a duty of support." Pa.R.C.P. 1910.1(a). Duties of support arise under several authorities including, inter alia, Act 66, and The Support Law of 1937, 62 P.S. §1971, et seq.[2]

The Juvenile Act is another statutory authority designating support obligations. That act specifically provides:

"The cost and expenses of the care of the child shall be paid as provided by sections 704.1 and 704.2 of the Act of June 13, 1967, (P.L. 31, no. 21), known as the 'Public Welfare Code.' " 42 Pa.C.S. §6306.

Section 704.1(e) of the Welfare Code, 62 P.S. §704.1(e) provides:

"(e) If, after due notice to the parents or other persons legally obligated to care for and support the child, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses stated in subsection (a), the court may order them to pay the same and prescribe the manner of payment. Unless otherwise ordered, payment shall be made to the clerk of the court for remittance to the person to whom compensation is due, or if the costs and expenses have been paid by the county, to the appropriate officer of the county."

Subsection (a)(4) of section 704.1 provides that:

2. See section 2(b) of Act 66.

"(a) The department shall reimburse county institution districts or their successors for expenditures incurred by them in the performance of their obligation pursuant to this act and the act of December 6, 1982 (P.L. 1464, no. 333) known as the 'Juvenile Act' in the following percentages:

"(4) Fifty percent of the actual cost of care and support of . . . a child committed by a court pursuant to the act of December 6, 1972 (P.L. 1464, no. 333) known as the 'Juvenile Act,' to the legal custody of a public or private agency . . . "

A "child" is defined in the Juvenile Act to include an individual who is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years. The children who are the subject of this litigation fit the definition of "child."

The term "parents or other persons legally obligated to care for and support the child" in section 704.1(e) of the Welfare Code is not defined. It is our opinion, however, that the section 704.1(e) creates two classes of persons from whom reimbursement for support may be maintained: (1) parents and (2) other persons legally obligated to care for and support the child.

We reach this conclusion by applying relevant provisions of the Statutory Construction Act, 1 Pa.C.S. §1901 et seq. The main object in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. §1921(a). In ascertaining that intention we may consider various factors including, inter alia, the mischief to be remedied, the object to be attained, the consequences of a particular interpretation, 1 Pa.C.S. §1921(c), and that the legislature intends to favor public interest as against any private interest, 1 Pa.C.S. §1922(5).

The Juvenile Act and the Welfare Code clearly demonstrate an intent to seek some reimbursement

for the cost of care and support for children who commit delinquent acts while a minor and who are subsequently placed in residential facilities. The legislature may be willing to initially pay for these services but makes certain that the public will not bear the entire burden of the cost when parents have the ability to share therein. The right of government to seek reimbursement for services provided differs substantially from the child's individual right to receive support from a parent. In the former situation we choose not to engage in ascertaining whether the child has attained majority and whether he can overcome the presumption that he is no longer entitled to support. In the latter situation we must engage in that analysis. Therefore, we interpret the statute as creating the two classes of obligors and do not limit "parents" to those "legally obligated to care for and support the child." Imposition of that limitation would force the court to engage in an analysis which may favor private interests over public interests if, for example, the parent could show that the adult child had shunned the parent-child relationship. *DeWalt v. DeWalt,* 356 Pa. Super. 280, 288, 529 A.2d 508, 512 (1987). Instead, we must recall that the delinquent act of the child which results in placement occurred when the child was a minor and the parent's obligation to support that child was well-nigh absolute. *Sutliff v. Sutliff,* 339 Pa. Super. 523, 538, 489 A.2d 764, 771 (1985), aff'd. 515 Pa. 393, 528 A.2d 1318 (1987).

However, even if we had to consider the parent's obligation under the general support law we would reach the same conclusion, if the Juvenile Probation Department could establish that the conditions of the residential program make the child unemployable while participating therein. Parents may be required to support children over the age of 18 years,

23 Pa.C.S. §4321, if they are unemployable. A "delinquent child" is one who, by definition is in need of treatment, supervision or rehabilitation. 42 Pa.C.S. §6302. The term "unemployable" is intended to mean that the child is not capable of being self-supporting whether on a temporary or permanent basis and whether or not such limitation is caused by mental or physical disabilities. *Commonwealth ex rel. Nicholson v. Groff*, 169 Pa. Super. 12, 82 A.2d 536 (1951).

We noted above that the scope of the Rules of Civil Procedure, 1910.1 et seq. apply to all civil actions for support. We have concluded that the legislature clearly established a statutory action for "cost of care and support" of a child placed in a residential setting pursuant to the Juvenile Act. Thus, pursuant to the rules and the statute an action can be filed, as was done here, against the parent.

Furthermore, Pa.R.C.P. 1910.3 provides that an action shall be brought:

"(3) by a public body or public or private agency having an interest in the care, maintenance or assistance of a person to whom a duty of support is owing."

Adams County Juvenile Probation qualifies as a public agency having the requisite interest in the subject children.

At any hearing it becomes incumbent upon the Juvenile Probation Department to establish (1) adjudication, (2) disposition to a residential facility, (3) the costs provided for the child by the Welfare Department pursuant to section 704.1(a), and (4) that defendants are parents or other persons legally obligated to support the child.

Accordingly, we enter the attached

## ORDER

And now, January 12, 1990, defendant's motion to dismiss is hereby denied.