GRAY, J.,
Before the court are defendants preliminary objections consisting of a demurrer to claims based upon an alleged violation of the Dangerous Dog Law, 3 P.S. § 459-501A, et. seq, (Dangerous Dog Law) and a demurrer to the claim for punitive damages. Upon consideration of the argument and briefs submitted by counsel, the court overrules the demurrers. The following opinion is provided in support of this court’s rulings.
*469 Background
This case involves a dog attack of two people. The allegations in the complaint follow.
On June 17, 2014, plaintiffs suffered an unprovoked attacked by a dog while taking an evening walk on the sidewalk of a public street. The dog violently attacked both of them without provocation. During the attack, the dog bit Allen Harrison. As a result of the attack, both plaintiffs suffered permanent and severe injuries.
The defendants owned, possessed and controlled the vicious dog at their property on Isabella Street. Complaint, ¶ 5. At the time of the attack, defendants had not restrained, muzzled, leashed or otherwise restricted the dog, so as to prevent the dog from attacking pedestrians. The dog had a “known history of aggressive tendencies towards humans.” Complaint, ¶ 6. According to the complaint, the defendants knew or should have known the dog had dangerous propensities and that the dog was ferocious, vicious and mischievous in nature. The dog previously bit a child. Neighbors previously complained to defendants about their failure to restrain their dog and about the dog’s vicious propensities. Shortly before the attack, on June 11, 2014, a complaint was made to the Williamsport Police about a separate dog biting incident. Shortly after the attack, defendants’ authorized the SPCA to euthanize the dog “due to the history of vicious incidents.”
Legal Standards
Preliminary Objections
A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4). A demurrer tests the legal sufficiency of the complaint. Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 714 (Pa. Super. 2005). *470 When reviewing preliminary objections in the nature of a demurrer, the court must “accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.” Thierfelder v. Wolfert, 52 A.3d 1251, 1253 (Pa. 2012), citing, Stilp v. Commonwealth, 940 A.2d 1227, 1232 n.9 (Pa. 2007). In deciding a demurrer “it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. If there is any doubt, it should be resolved by the overruling of the demurrer.” Melon Bank, N.A. v. Fabinyi, 650 A.2d 895, 899 (Pa. Super. 1994) (citations omitted). “Preliminaiy objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt.” Bower v. Bower, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).
The Dangerous Dog Law
An unexcused violation of the Dangerous Dog Law, 3 P.S. § 459-501A, et. seq., constitutes negligence per se. Underwood v. Wind, 954 A.2d 1199, 1204 (Pa. Super. 2008), citing, Miller v. Hurst, 448 A.2d 614, 616 (Pa. Super. 1982). However, negligence per se does not equate to absolute liability; both liability and causation must still be established. See, Underwood, supra; Villaume v. Kaufman, 550 A.2d 793, 796 (Pa. Super. 1988).
Punitive Damages
It is well settled in Pennsylvania that “punitive damages may be awarded for conduct that is outrageous, because of the defendant’s evil motive or his reckless indifference to the rights of others.” See, Feld v. Merriam, 485 A.2d 742, 747-748 (Pa. 1984), citing, Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963) see also, Phillips v. Cricket Lighters, 883 A.2d 439, 445-446 (Pa. 2005); Hutchison Ex. Re. Hutchison v. Luddy, 870 A.2d 766 (Pa. *471 2005). Pennsylvania has embraced the RESTATEMENT (SECOND) OF TORTS §908(2) with respect to punitive damages.[1] To prevail in a punitive damages claim, plaintiff must establish that: “(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed” and (2) the defendant “acted, or failed to act, as the case may be, in conscious disregard of that risk.” Hutchison v. Luddy, supra, 870 A.2d at 771.
Discussion
Defendants’ filed two preliminary objections. The first preliminary objection is a demurrer to claims based on alleged violation of the Dangerous Dog Law. The second preliminary objection is a demurrer to punitive damages claims. The court will discuss the demurrers in turn.
Negligence Per Se
Defendants seek to strike ¶ 17(n) and Count VI of the complaint on the grounds that the Dangerous Dog Law may not form the basis for liability. Plaintiffs cited a long line of cases for the proposition that an unexcused violation of the Dangerous Dog Law, 3 P.S. § 459-501A, et. seq., constitutes negligence per se. See, plaintiffs’ brief, at 3-4, citing, Miller v. Hurst, supra, Deardorff v. Burger, 414 Pa. Super. 45, 51 (Pa. Super. 1992); Skowronski v. Bailey, 330 Pa. Super 83, 478 A.2d 1362 (1984); Rosen v. *472 Tate, 2003 Pa. Dist. & Cnty. Dec. LEXIS 175 (Lehigh Co. 2003); and Mangino v. Cowher, 2010 Pa. Dist. & Cnty. Dec. LEXIS 252 (Lawrence Co. 2010). In opposition, defendants contend that the Dangerous Dog Law is a criminal provision and cannot create a civil standard of liability. This proposition rests almost entirely upon the trial court opinion in Kormos v. Urban, No. GD 03-25548 (C.P. Allegheny September 15, 2005), affirm’d, 911 A.2dd 193 (Pa. Super. 2006).
Defendants follow the argument alluded to in Kormos that since the Dangerous Dog Law was amended to allow a dog’s propensity for violence to be established by one incident, a violation of the law cannot constitute negligence per se because it would impermissibly impose strict liability and run afoul of the long standing law in Pennsylvania regarding liability for unprovoked dog bites. Liability for an unprovoked dog bite requires plaintiff to establish that a dog owner knew or should have known of the dog’s dangerous propensity. Kormos, at * 5, citing Kinley v. Bierly, 2005 PA Super 168, 876 A.2d 419 (Pa. Super. 2005) and Anderws v. Smith, 324 Pa. 455, 188 A. 145
The court is not persuaded that the amendments to the Dangerous Dog Law or the trial court decision in Kormos overrule the line of cases cited by plaintiffs. Even after the amendments, the Pennsylvania Superior Court has held that an unexcused violation of the Dangerous Dog Law constitutes negligence per se. Underwood v. Wind, 954 A.2d 1199, 1204 (Pa. Super. 2008), citing, Miller v. Hurst, 448 A.2d 614, 616 (Pa. Super. 1982). Underwood, supra, was decided after the amendments. In Underwood, the Pennsylvania Superior Court cited with approval the line of cases cited by plaintiffs. The court further explained that negligence per se (a violation of the Dangerous Dog Law) does not equate to absolute liability; both liability *473 and causation must still be established. See, Underwood, supra; Villaume v. Kaufman, 550 A.2d 793, 796 (Pa. Super. 1988). The Underwood Court concluded that the dog attack at issue could be considered for purposes of determining whether the dogs had “violent propensities” even though it was the first incident. Underwood, supra, 954 A.2d at 1205. As liability is not absolute, negligence per se does not impermissibly impose strict liability.
Moreover, the present case is significantly distinguishable from Kormos. In Kormos, the trial court granted a compulsory nonsuit in a jury trial at the close of plaintiff’s case-in-chief. In that case, the plaintiff failed to present sufficient that the defendants violated any of the sections of the amended Dangerous Dog Law. Id. at *5-6. In addition, the plaintiff failed to establish that the dog had a vicious propensity. By contrast, the present matter is at the preliminary objections stage where the well-pleaded facts are taken as true. Here, plaintiffs have alleged that the defendants have violated the Dangerous Dog Law. Plaintiffs have alleged that there have been prior incidents and other allegations from which to establish the owners’ knowledge of the dog’s violent propensities. Plaintiffs have alleged that the dog had violent propensities. These factual allegations taken as true starkly contrast with the evidence presented at the jury trial in Kormos. Accordingly, this court concludes that Dangerous Dog Law may form the basis for liability.
Punitive Damages
As to the demurrer to the claim for punitive damages, the court concludes that the plaintiffs have alleged sufficient facts in support of its punitive damage claim. To prevail in a punitive damages claim, plaintiff must establish that: “(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed” and that (2) *474 the defendant “acted, or failed to act, as the case may be, in conscious disregard of that risk.” Hutchison v. Luddy, 870 A.2d 766, 771 (Pa. 2005) Accepting as true “all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts” with any doubt being “resolved by the overruling of the demurrer,” the court concludes that plaintiffs plead sufficient facts to establish that defendants had a subjective appreciation of the risk of harm to which plaintiffs were exposed and acted or failed to act in a manner that showed conscious disregard of that risk.
According to the complaint, a report to the police about a dog biting incident was made about one week prior to the incident. Neighbors complained to defendants about the defendants’ failure to restrain the dog. Neighbors complained to defendants about the vicious propensities of the dog. Dean Haueisen displayed knowledge of the dog’s dangerous propensities when he spontaneously admitted to police that the dog had previously bitten a child. Nonetheless, the dog was not restrained and had access to a public street at the time the dog attacked plaintiffs. Complaint, ¶ 12 a-d. At this stage of the proceedings, the court believes that the above allegations taken as true, without access to an answer or any mitigating factors presented by defendants, sufficiently allege the requisite intent by defendants to allow a jury to award punitive damages.
ORDER
And now this 2nd day of April, 2015, it is ordered and directed as follows.
1. Defendants’ demurrer to negligence claims based upon a violation of the Dangerous Dog Law is overruled.
2. Defendants’ demurrer to the punitive damages claim *475 is overruled.
3. This matter is placed on the court’s January 2016 trial term. A separate scheduling order will be issued this date.
4. Defendants shall file an answer within 20 days.

. § 908 Punitive Damages
(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.
(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant’s evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant’s act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant. Restat 2d of Torts, §908